MEMPHIS TRUST CO. *v.* BLESSING.

(*Jackson.*     June  10,  1899.)

GUARDIAN AND WARD.  *Rights of emancipated nonresident ward defined.*

A minor, domiciled in another State, by whose laws he is emancipated from all disabilities of infancy, is entitled to receive and recover, in the same manner as an adult, his real estate, as well as his personal funds, having a situs and being in the hands, control, and possession of a guardian appointed and resident in this State.  The *lex domicilii* controls as to ward's capacity.

Case cited and approved: Woodward *v.* Woodward, 87 Tenn., 644.

FROM SHELBY.

Appeal from the Probate Court of Shelby County.
J. S. GALLOWAY, J.

TURLEY & WRIGHT for Trust Company.

THOS. H. JACKSON for Blessing.

McALISTER, J. The question presented for determination upon this record is whether a minor eighteen years of age, but emancipated by the law of her domicile, is entitled to a settlement with her guardian in Tennessee, so as to take possession of her realty and collect her rents.

In February, 1899, the petitioner, May Blessing, a resident and citizen of Chicago, Ill., filed her petition in the Probate Court of Shelby County against the Memphis Trust Company, her guardian, for a settlement. It was alleged that M. J. Blessing, the father of petitioner, died intestate, a citizen of Shelby County, Tenn., in September, 1889, leaving a widow and the said May Blessing as his only heirs at law, and a large estate, both personal and real, in said State; that J. N. Nolan was appointed regular guardian of May Blessing by the Probate Court of Shelby County, and qualified as such; that afterwards he filed his bill against May Blessing in the Chancery Court of Shelby County, Tenn., for the purpose of having sold a portion of her real estate, on the ground that such sale was for her manifest interest and advantage. Such proceedings were had as that by decree of said Court, the property was sold, and realized something over sixteen thousand dollars. It is further alleged that said Nolan was unwilling to give the special bond required by law for said fund; and thereupon, at his instance and request, the Memphis Trust Company was appointed special guardian for May Blessing by the Probate Court of Shelby County, to take charge of said fund; that Nolan died in 1897, and thereupon the Memphis Trust Company was appointed regular guardian of May Blessing by the Probate Court of Shelby County. It is fur-

.ther alleged that, in addition to the special fund just mentioned, the Memphis Trust Company, as the regular guardian of May Blessing, had in its custody about $6,000 in money and more than $29,000 of bonds and stocks belonging to said ward; that it likewise had charge of several pieces of real estate lying in Shelby County, Tenn., which May Blessing had inherited from her father, the said M. J. Blessing. It is further alleged that soon after the death of M. J. Blessing, his widow and the said May Blessing removed to the city of Chicago, Ill., where they both acquired a new domicile; that after removing to Chicago, her mother intermarried with one Charles McCarty, a citizen and resident of Illinois, and that she and her husband have continued to reside in Illinois ever since, and that the said May Blessing has lived with them since as a member of their family, and that she is now a resident and citizen of Illinois.

It is further shown that May Blessing is now eighteen years of age, and that under the laws of the State of Illinois she has attained full age; and the object and prayer of her petition is to have her said guardian, the Memphis Trust Company, settle with her and put her in possession of her estate, both real and personal.

The answer of the Memphis Trust Company admits substantially the allegations of the petition.

It does not admit that under the laws of Illinois a woman reaches her majority at the age of eighteen years, and it submits to the Court the question whether the said May Blessing is entitled to the relief asked in her petition, and especially does it submit the question whether in such case the law of Illinois would control as respects the real estate belonging to the said May Blessing in Shelby County, Tenn., and the special fund realized from the sale of real estate.

Proof was taken, and on final hearing the Chancellor decreed in favor of the petitioner, and directed the Memphis Trust Company, as her guardian, to turn over to her all her property, real and personal, in its possession.

The Memphis Trust Company, guardian as aforesaid, appealed, and has assigned errors, as follows:

*First.*—The Court erred in granting petitioner relief. It should have adjudged that she was not entitled to any final settlement with her guardian until she arrived at the age of twenty-one years.

*Second.*—If the decree of the Court below was right with reference to the personal property in the hands of the guardian, it was manifestly erroneous as to the real estate and the special fund derived from the sale of real estate. As to said real estate and said special fund, it should have decreed that the laws of Tennessee controlled, and that petitioner, May Blessing, was not entitled to demand possession of same from her

Memphis Trust Co. *v.* Blessing.

guardian until she arrived at the age of twenty-one years.

*Third.*—In any event, the decree of the Court below was erroneous in so far as it adjudged that May Blessing was entitled to the immediate possession of her real estate. It should have adjudged that she was not entitled to such possession until she arrived at the age of twenty-one years.

It will be observed that while the first assignment of error denies that petitioner was entitled to any settlement with her guardian until she arrives at the age of twenty-one years, learned counsel concede, in argument, that so far as the personal property in the hands of the guardian is involved, the case would be governed by *Woodward* v. *Woodward,* 87 Tenn., 644. In that case it was expressly decided that a minor domiciled in another State, but emancipated under its laws from all disabilities of infancy, can receive or recover in the same manner as an adult personal funds to which he is entitled by the law of his domicile held for him by a guardian appointed and resident in this State, and administered under our laws. The *lex domicilii* controls as to ward's capacity.

It is insisted, however, by the able counsel for appellant that the case of *Woodward* v. *Woodward* is not controlling either as to the real estate or as to the special fund in the hands of

19 P—16

the guardian.. Counsel concedes that he has been unable to find any case where this particular question has been decided. It is insisted, however, that while the civil *status,* including questions of minority and majority, may be determined by the laws of the country in which the person holds his actual domicile, it is equally true that real estate or immovable property is exclusively subject to the laws of the government within whose territory it is situated. It is then insisted that under the laws of Tennessee the guardianship must continue until the minor arrives at the age of twenty-one years. The section of the Code relied on is as follows:

"Every minor upon attaining the age of twenty-one years, and every female ward when she is married, upon the receipt of money or estates due either, shall receipt the guardian for the same, in the same manner as legatees, distrubutees, or others interested in the distribution of estates." Shannon's Code, Sec. 4318.

In *Woodward* v. *Woodward,* 87 Tenn., this Court, in considering this very statute, said, viz.:

"But does the statute in question do more than provide for wards domiciled in our own State? Is it aimed at nonresident wards? We do not so read or understand our statute. We consider that the reference to the age of twenty-one years is for Tennessee wards, and is not for the purpose of fixing arbitrarily that particular age at

Memphis Trust Co. *v.* Blessing.

which the guardian shall settle with wards domiciled in other States, but it uses that age in consequence merely of the fact that under the law of this State a party is a minor until that age is attained, and that the statute, therefore, must be read as though it had merely provided that the guardian should settle when the ward attained his majority. The statute referred to by counsel as fixing the age of twenty-one as the earliest period at which a Tennessee guardian can be called on to settle, does not declare a trust in the hands of all guardians until the ward attains twenty-one, as is argued. . . . The word 'twenty-one' happens to be used in the statute merely because that is the age of majority at common law, which is the law of this State on that subject, there being no statute declaring it, and the word 'twenty-one' is used as synonymous with 'full age' or coming of 'age,' as shown by the title to the article, etc. . . . So that there is nothing in our statute fixing twenty-one years as the age at which a guardian shall settle with wards who are of full age in the State of their domicile. The only provisions on the subject are the two referred to, to wit, that the ward on coming of age shall give a receipt; and that if a guardian fails to turn over property to ward at 'his majority' or 'her marriage,' he is guilty of a misdemeanor. So that, under our law, he is required to settle when ward is of full age, and

under the *jus gentium* the petitioner is of full age, and he must settle."

We think this construction of our statute conclusive of this case, whether the property involved be realty or personalty. The statute was designed to fix a time for final settlement with wards in this State, and has no application to wards who have arrived at full age by the law of their domicile. The Court below so held, and the decree is affirmed.