HERRICK   v.   FOWLER.

(*Nashville.*   March   22,   1902.)

1. WILLS. *Powers under and their construction.*

Testatrix, having a husband and three children, devised her property to the husband for life, adding this clause, to wit: "Said husband at his death shall have power by will and testament to dispose of the property hereby willed to him between my children as he may deem proper. He, in the future, will be better fitted as time develops to determine as to what proportion my children shall have of said property. Therefore, I give him full power to dispose of it as between them as he thinks best." All the children survived testatrix. Only one child survived the husband. One had died leaving children; the other left none. The husband by will gave the entire property to the surviving child, but charged it with one hundred dollars in favor of the children of the deceased child.

*Held:* That the husband's will, though it did not refer to the wife's will, was a proper and effective execution of the power conferred by the wife's will, except so far as it charged the property with one hundred dollars in favor of the children of the wife's dead child, and that this provision was unauthorized and void. The husband's power of appointment, under the wife's will, is limited to the wife's children that survive him, and does not extend to her grandchildren. (*Post, pp. 413-420.*)

Cases cited : Jarnigin v. Conway, 2 Hum., 50; Cruse v. McKee, 2 Head, 1; Rogers v. Rogers, 2 Head, 660; Womack v. Smith, 11 Hum., 477; Word v. Morgan, 5 Cold., 407; Satterfield v. Mays, 11 Hum., 58; Beasley v. Jenkins, 2 Head, 191; Bigley v. Watson, 98 Tenn., 353; Puryear v. Edmondson, 4 Heis., 43; Ryan v. Monaghan, 99 Tenn., 338; Blass v. Helms, 93 Tenn., 166; Franklin v. Franklin, 91 Tenn., 119; Forrest v. Porch, 100 Tenn., 392; Parrish v. Groomes, 1 Tenn. Ch., 581; Connell v. McKenna, 2 Sh. Cas., 190; Haywood's Heirs v. Moors, 2 Hum., 585; Cathey v. Cathey, 9 Hum., 470; Bostick v. Winton, 1 Sneed, 538; Young v. Insurance Co., 101 Tenn., 312; Guaranty Trust Co. v. Jones, 103 Tenn., 243.

Herrick v. Fowler.

2. DEED. *Powers under and their construction.*

A deed conveyed property "to F. C. Herrick during his life-time . . . with the power to dispose of the same at his death, by will or testament, between the children, Harriet. R. Herrick, and to the heirs of F. C. Herrick and Harriet R. Herrick, above designated, forever." The Herricks were husband and wife and had three children, all of whom survived the wife, and only one of whom survived the husband. The other two died, one leaving children and the other not. The husband devised this property to the surviving child, and charged it with one hundred dollars in favor of the grand-children.

*Held:* The husband's will was a proper and effective execution of the power conferred by said deed, except so far as it charged the property with one hundred dollars in favor of the grandchildren, and that this was unauthorized and void. (*Post, pp. 414-421.*)

3. POWERS. *Illusory appointment under.*

Giving a small or nominal sum in the execution of a power, con-ferred by will or deed, is not illusory, where the donee of the power has advanced his share to the complaining party before executing the power, and assigns this as his reason for not giving a substantial sum in execution of the power. (*Post, p. 420.*)

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. H. H. COOK, Ch.

BARTHELL & KEEBLE and HICKMAN & HICK-MAN for Herrick.

THOS. B. JOHNSON for Fowler.

WILKES, J. In this case there was an original bill, an answer, a cross bill, and an amended bill, and to the latter there was a demurrer. This demurrer was sustained by the Chancellor, and the will and deed in controversy were construed, fixing the rights of the parties among themselves, denying any relief to complainants, and taxing them with the costs. They appealed, and the decree of the Chancellor was affirmed by the Court of Chancery Appeals, and complainants have appealed to this Court and assigned errors.

The question involved is the proper construction, effect, and execution of a power contained in the will of Harriet R. Herrick, and a power somewhat similar, if not entirely so, in a deed from Mrs. Jane E. Rodes, the donee of the power in each case being F. C. Herrick, the husband of Harriet R. Herrick.

Mrs. Harriet R. Herrick made her will on June 19, 1879, and died soon thereafter, leaving her husband, F. C. Herrick, the donee of the power, and their children, Henry Y., Isaac, and Fanny. Henry died May 16, 1891, leaving his widow, the complainant, and three minor children, who sue in this case by their mother, as next friend. Isaac died in 1894, but left no children, his heirs being the minor complainants; and defendant, Fanny, who has intermarried with Edward Fowler, and is the principal defendant in this case, being joined as such with her husband.

Harriet R. Herrick died seized of a lot on the west side of Broad Street, in the city of Nashville, fronting about 100 feet on that street, and it appears that she had no other property, real or personal, of any moment.

The language of her will is as follows:

"I will all my property, real and personal, of every kind, to my beloved husband, F. C. Herrick, during his lifetime, so that he may have, use, and enjoy the income of the same, but neither the property, nor its rents nor income, to be subject or liable in any way to his debts, contracts, or liabilities.

"Item 2. Said husband, at his death, shall have power by will and testament to dispose of the property hereby willed to him between my children as he may see proper. He in the future will be better fitted as time develops to determine as to what proportions my children shall have said property. Therefore, I give him full power to dispose of it as between them as he thinks best."

This will was probated in Davidson County, March, 1880. At the time of her death, Henry and Isaac were alive, but both died before the father, leaving defendant surviving them, and Henry died also leaving a widow and children. After the death of the testatrix, Harriet, her husband, F. C. Herrick, on July 12, 1881, bought fifty feet of ground adjoining the first named property

from Mrs. Jane E. Rodes, and took title in his own name, coupled with powers and conditions fixed by the language of the deed, as follows:

"I, Jane E. Rodes, have this day bargained and sold to F. C. Herrick, and do hereby transfer and convey to F. C. Herrick, during his lifetime, with the privilege of the use and enjoyment of the same, without its being liable for his contracts or liabilities, with the power to dispose of the same at his death, by will or testament, between the children of Harriet R. Herrick and to the heirs of F. C. Herrick and Harriet R. Herrick, above designated, forever, for the consideration of $600," etc.

F. C. Herrick, August 31, 1892, executed a will, which provides as follows:

"I will to my daughter, Fannie McLelland Herrick, the house and lot, 1711 Broad Street, Nashville, Tenn., fronting 98 feet and 8 inches on Broad Street. It is my wish, however, that my family shall occupy the premises as their home so long as mutually agreeable and pleasant and to the interest of my wife and daughter Fannie. I will to my wife, Ella Scott Herrick, everything else I may die possessed of, except $200 cash, to be paid to my sister, Mrs. Lucy C. Smith, of Gilford, Indiana. A lot fronting on Broad Street, adjoining our home place, and a cottage and lot 100 by 120 feet, at Monteagle,

Tennessee, are in my wife's name, and subject to her sole disposal."

On July 2, 1899, he added a codicil, as follows: "I, F. C. Herrick, being of sound mind and disposing memory, do make and publish this as a codicil to my last will and testament. Having amply provided for my son during his life, and having given him in money far more than I could now give my daughter, Fannie, I will and direct that the children of my said son, Henry, be paid by my daughter, Fannie, the sum of $100 in money. In other words, my daughter Fannie shall take the home place, 1711 Broad Street, as described in my will, charged with $100 to be paid by my daughter, Fannie, to the children of my son, Henry, and my will in all other respects is to stand."

This will was probated July term, 1899, of the County Court of Davidson County.

The bill seeks on the part of the children of Henry Y. Herrick to set up an interest in the lot in their behalf on the ground that the exercise of the powers conferred on F. C. Herrick by the will and deed referred to, are void, and the contention is for a one-half interest in both tracts, and to have the same partitioned.

We treat the matter only as it is presented by the amended bill and the demurrer, as other portions of the record are not properly before us.

The Chancellor held that the will of F. C. Herrick was a valid execution of the power of appointment contained in the will of Harriet R. Herrick, except so far as it seeks to charge the property with $100 in favor of complainants, and as to this charge, he was of opinion it was beyond the scope of the power and void, and it was set aside and for nothing held, but the remaining portions of the will were ·sustained and upheld, and it was decided that the property, No. 1711 Broad Street, was the property of Fannie Herrick Fowler, under the wills of her mother and father. The decree further recites that the property conveyed to F. C. Herrick, by Mrs. Jane E. Rodes, is also the property of Fannie Herrick Fowler. It appears that at the death of F. C. Herrick, fifty feet of the property mentioned in the will of Harriet R. Herrick, had been sold off, and at that date, No. 1711, now in controversy, embraced the balance of the lot devised by Harriet R. Herrick and the lot deeded by Mrs. Jane E. Rodes.

The Court of Chancery Appeals affirmed the decree of the Chancellor under the holding of the majority, and complainants have appealed to this Court and assigned errors, as follows:

1. In holding that under the will of Harriet R. Herrick, F. C. Herrick was empowered to leave all the real estate described in the amended bill as the property of Harriet R. Herrick, to

Fannie H. Fowler, to the exclusion of the children of Henry Herrick, deceased.

2. In holding that, under the deed from Mrs. Jane E. Rodes, as set out in the amended bill, F. C. Herrick was empowered by this deed to leave all the property to Fannie H. Fowler to the exclusion of the children of Henry Y. Herrick, deceased.

3. In holding that the Rodes property was worth only $600, and, therefore, that a gift of $100 was not an illusory appointment.

In disposing of these assignments, we remark in the outset that if the powers conferred by the will of Harriet Herrick, and deed of Jane E. Rodes, are validly and properly executed by the will of F. C. Herrick, the fact that such will and deed are not referred to in his will, does not vitiate the execution of them. *Young* v. *Insurance Co.,* 101 Tenn., 312; *Guaranty & Trust Co.* v. *Jones,* 103 Tenn., 243.

The two children, Isaac and Henry, having died previous to the death of the father and donee of the power, F. C. Herrick, leaving Fannie Herrick Fowler alone surviving at the time he executed his will, and at his death, the entire property passed to Fannie Herrick Fowler, and the said F. C. Herrick had no power of appointment to his grandchildren, the children of Henry Y. Herrick. *Jarnagin* v. *Conway,* 2 Hum., 50; *Cruse* v. *McKee,* 2 Head, 1; *Thorington* v. *Hall,*

24 p—27

Herrick *v.* Fowler.

111 Ala., 324; *Morris* v. *Owen,* 2 Call (Va.), 520; *Carson* v. *Carson,* Phillips' Eq. (N. C.), 57.

The fact that only one person remained embraced within the power of appointment does not alter the rule. *Roe* v. *Dunt,* 2 Wilson Reports, 336; *Bragg* v. *Hammersly,* 3 Simms, Ch. 513; *Woodcock* v. *Renneck,* 4 Beavans Reports, 190; *Lambert* v. *Thwarts,* L. R., 2 Eq., 151; *Bray* v. *Brue,* 2 Clark & Finnelly, 453; *Boyle* v. *Bishop of Peterborough,* 1 Ves., Jr., 299.

Under the language of the will of Mrs. Harriet R. Herrick, as well as under that of the deed from Mrs. Jane E. Rodes, the children of Mrs. Herrick took no beneficial interest at her death, or when the deed was executed, but the title vested at the time of the death of F. C. Herrick in those in whose favor he made the appointment. *Rogers* v. *Rogers,* 2 Head, 660; 1 Jarman on Wills, 6th ed., 336, star page, 309; 1 Jarman on Wills, star page, 519; 1 Perry on Trusts, Sec. 258; 2 Underhill on Wills, pp. 1173, 1174; *Lambert* v. *Thwarts,* L. R., 2 Eq., 151; *Kennedy* v. *Kingston,* 2 Jac. & Walker, 431; *Crunys* v. *Colman,* 9 Ves., Jr., 319; *Walsh* v. *Wallinger,* 2 Russ. & Mylne, 77; *Womack* v. *Smith,* 11 Hum., 477; *Word* v. *Morgan,* 5 Cold., 407; *Satterfield* v. *Mays,* 11 Hum., 58; *Beasley* v. *Jenkins,* 2 Head, 191; *Bigley* v. *Watson,* 14 Pickle, 353; *Puryear* v. *Edmondson,* 4 Heis., 43; *Ryan* v. *Monaghan,* 15 Pickle, 338;

*Blass* v. *Helms,* 9 Pickle, 166; *Franklin* v. *Franklin,* 7 Pickle, 119; *Forrest* v. *Porch,* 16 Pickle, 392; *Parrish* v. *Groomes,* 1 Tenn. Ch., 581; *Connell* v. *McKenna,* 2 Shannon's Cases, 190.

There is another class of cases which hold that an estate vests in the contemplated beneficiaries at the death of the testator, or at the making of the deed, and does not await the execution of the power by its donee, and further, that such vestiture will be defeated when the power is executed in favor of only a part of the beneficiaries to the exclusion of the remainder. To this class belongs the cases of *Haywood's Heirs* v. *Moore,* 2 Hum., 585; *Cathey* v. *Cathey,* 9 Hum., 470; *Bostick* v. *Winton,* 1 Sneed, 538.

We are of opinion there is no difference in results in the two classes of cases where the power is validly and actually executed by the donee, and when this is done, the title and beneficial interest vest only in those who are named by the donee of the power, and is divested out of all others. What the result may be when the power is not executed we need not consider, as that case is not presented in this record.

If we are correct in holding that F. C. Herrick could only exercise the power of appointment in favor of the surviving child, Fannie Herrick Fowler, and could not appoint in favor of the children of Henry Y. Herrick, it follows that

the property passing to Fannie Herrick Fowler, at least under the will of her mother and father, could not by the latter be charged with a contribution to the children of Henry Y., of $100, as was attempted by the will of F. C. Herrick.

It was beyond the scope of the power contained in the will of Harriet R. Herrick that F. C. Herrick could make such a charge under his power of appointment, but being limited to appoint in favor of the only child alive at his death, he could not incumber the estate thus appointed by a charge in favor of the children of Henry Y. Herrick.

In addition, when it appears that Henry Y. Herrick had been provided for by F. C. Herrick, the donee of the power, out of his own means, or that of his wife, Harriet R. (and it does not matter which), the rule of illusory appointments does not apply, and a merely nominal amount would suffice to be given to the party thus provided for. And hence, if Henry were alive, he could not claim as against the will of said F. C. Herrick and the appointment thereunder. *Bristowe* v. *Warde,* 2 Vesey, Jr., 336; *Long* v. *Long,* 5 Vesey, Jr., 445; *Mocatta* v. *Lansada,* 12 Vesey, Jr., 123; *Kemp* v. *Kemp,* 5 Vesey, Jr., 849; *Vandersee* v. *Achem,* 4 Vesey, Jr., 771; *Spencer* v. *Spencer,* 5 Vesey, Jr., 362.

The majority of the Court of Chancery Appeals was of opinion that upon a proper construction of

the will of Harriet R. Herrick, and the deed of Mrs. Jane E. Rodes, the power of appointment was virtually the same in each, and was confined to the children of Harriet R., and, under the facts in this case, to complainant, Fannie Herrick Fowler, while the minority was of opinion that while this is true as to the power of appointment under the will of Harriet R. Herrick, yet, under the deed of Mrs. Jane E. Rodes, the power of appointment extended also to the heirs of F. C. Herrick other than the children of himself and Harriet R., and that the charge of $100 might properly be made upon that portion of the property derived from Mrs. Rodes in favor of the children of Henry Y., and should to that extent have been sustained.

We are of opinion the view of the majority is correct; upon this feature of the case we are not able to see any reversible error in the decree of the Court of Chancery Appeals, and it is affirmed.