HODGES *et al. v.* STEGALL *et al.*

(*Jackson,* April Term, 1935.)

Opinion filed July 1, 1935.

GEO. N. BARNES, of Johnson City, and A. L. SHIPLEY, JESSE G. SMITH, and GUS BARRON, all of Jonesboro, for appellants.

W. E. MILLER, COX, TAYLOR & EPPS, and GLADSTONE H. WHITE, all of Johnson City, for appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

The object of the bill was a construction of the wills of G. W. Hodges and his wife, Mary Elizabeth Hodges, and a decree declaring the rights of claimants under both wills. The chancellor found that there was a want of equity on the face of the bill and upon that ground sustained defendants' demurrer. He held that both wills were unambiguous and a construction was not necessary, and that the unequal distribution

made by Mrs. Hodges was not a fraudulent exercise of the power conferred by her husband. The complainants invoked, and the chancellor refused to apply, the doctrine of illusory appointments, discussed in *Cruse* v. *McKee,* 2 Head, 1, 73 Am. Dec., 186, and *Herrick* v. *Fowler,* 108 Tenn., 410, 67 S. W., 861. The cause is here upon complainants' appeal from the chancellor's decree.

By will of September 2, 1909, G. W. Hodges disposed of his entire estate. After providing small bequests for his children, the will of G. W. Hodges is as follows:

"To my wife, Mary Elizabeth Hodges, I bequeath all real estate and personal property, not above disposed of, that I may have or die possessed of; providing that every just claim and debt against me shall first be paid; and providing that this real estate and personal property shall be held and used by her only so long as she may remain my widow, but in the event of her remarrying all this property above spoken of shall descend to my heirs; but so long as she may remain my widow she shall have full power to dispose of or to hold and use all said property except the home farm, on which I now reside; this farm consisting of about two hundred and twenty acres shall descend to my heirs, but in manner and proportion as my wife may by will or otherwise direct."

Mary Elizabeth Hodges died in 1934, leaving a will dated April 19, 1933. The pertinent provisions of her will are:

"I hereby give and bequeath to my daughter, Nell Hodges Stegall, all of my household furniture, cooking utensils, farming tools and equipment, livestock, money, notes, stocks and bonds and all other personal property

with the exception of such amount as may be necessary to pay my debts and funeral expenses.

"I give and devise to my daughter, Nell Hodges Stegall, the house, barn and other buildings, and the farm and home place on which I now live, subject to the reservation of a right of way or road to the family cemetery from a public highway as hereinafter directed, containing one hundred and sixty (160) acres, more or less."

By item 6 of her will, Mrs. Hodges directed her executors to sell and reduce to money two small tracts of nine and twenty acres each cut off from the home farm, and then provided as follows:

"7. I give and bequeath to Helen Hodges and Stanley Hodges, children of my deceased son, Gentry Hodges, a one-fourth (1/4) share or interest of the money realized from the sale of tracts No. 1 and 2.

"8. I give and bequeath to my daughter, Mae Hodges Hale, and her children, Howard, Marvin, Kenneth, Francis and Virginia, a three-eighths (3/8) share or interest of the money realized from the sale of tracts No. 1 & 2.

"9. I give and bequeath to my son, Roscoe Hodges and his children, Lawrence, James and Wade, a three-eighths (3/8) share or interest of the money realized from the sale of tracts No. 1 and 2.

"10. I give and bequeath the residue of my estate to my daughter, Nell Hodges Stegall."

It is said on behalf of complainants that the duty was imposed upon Mrs. Hodges as donee of the power under her husband's will to make an equitable distribution and give, not necessarily an equal share, but a substantial portion of the property in kind to each of the appointees.

And it is charged that her gift of practically all the property to Nell Hodges Stegall, and a nominal share to the other children, was a fraud upon the donor which renders the donee's appointment void. In support of that proposition, complainants rely upon the doctrine of illusory appointments. The history of the doctrine and the reasons underlying its earlier application by English courts of chancery are to be found in notes to *Fidelity & Columbia Trust Co.* v. *Barret,* L. R. A., 1916D, 498.

The difficulty of formulating rules for determining what is an illusory appointment and the evils resulting from attempts to substitute the judicial will for the intent of the donor and donee of the power led first to judicial condemnation of the rule in England, and finally to its abolition by an act of Parliament. A similar attitude in the American states is shown by numerous decisions where the courts refused to apply the rule of illusory appointments, among them *Hawthorn* v. *Ulrich,* 207 Ill., 430, 69 N. E., 885; *Graeff* v. *De Turk,* 44 Pa., 527; *Lines* v. *Darden,* 5 Fla., 51; *Fries* v. *Fries,* 306 Mo., 101, 267 S. W., 116.

In *Ingraham* v. *Meade* (1885), 3 Wall. Jr., 32, Fed. Cas., No. 7,045, it is said: ". . . Like many other theories which are very plausible in the abstract, experience has shown this one to be difficult in application. The term 'illusory' is vague and indefinite, depending on uncertain discretion or opinion of the person using it. Where a power is given by the donor to another to distribute, it is for the purpose of inequality, which future and unknown events may make just and judicious. The donor might do with his own as he pleased—give a penny to one, and ten thousand to another. He has a

right to intrust this power to another by substitution.
. . . When a chancellor undertakes to decide that any
degree of inequality is a fraudulent exercise of the pow-
er, he is assuming to himself a knowledge of the secret
wish and intention of the donor not expressed in the
deed, and undertaking to exercise a discretionary power
not intrusted to him, but to another.''

Upon that and similar reasoning a majority of courts
in the American states have refused to accept and apply
the doctrine of illusory appointments. It appears that
in no state except Kentucky has a court actually de-
clared an appointment void because illusory, but there
is *dictum* indicating a willingness to accept the doctrine
in a number of other states. Our cases of *Cruse* v.
*McKee*, 2 Head., 1, 73 Am. Dec., 186, and *Herrick* v.
*Fowler*, 108 Tenn., 410, 67 S. W., 861, seem to fall within
the latter class of cases, but the doctrine has never been
applied in Tennessee. For reasons stated in *Ingraham*
v. *Meade*, and others of like import, we are of the opinion
that the doctrine of illusory appointments cannot be ac-
cepted as the law of this state.

By his will G. W. Hodges provided that the home
farm of 220 acres descend to his heirs in manner and
proportion as his wife might by will or otherwise direct.
The donor expressly empowered the donee to determine
the manner as well as the proportion that should pass
to his heirs. Under that broad power the donee could
make an unequal division and could direct a sale of the
smaller portions for purposes of distribution to the ap-
pointee heirs.

In disposing of his personal property, G. W.
Hodges authorized his widow to hold and use it. In his
will he said: ''So long as she may remain my widow

208

she shall have full power to dispose of or to hold and use all said property except the home farm.''

The gift of the personal property with full power to dispose of it and to use it amounted to an absolute gift of the personalty.

■ The chancellor properly refused to allow complainants to file an amended and supplemental bill attacking the will of Mary Elizabeth Hodges upon the grounds of fraud and undue influence. Issues of *devisavit vel non* cannot be properly intruded upon a court of equity. Exclusive jurisdiction in such cases belongs to the circuit court. *Simmons* v. *Leonard,* 89 Tenn., 622, 15 S. W., 444.

■ By the will of G. W. Hodges the appointees were limited to his heirs as a class. The appointment by Mrs. Hodges, the donee, in so far as it was exercised in favor of the heirs, is valid. The appointment of grandchildren whose parents were living is void. *Cruse* v. *McKee, supra.*

■ The inclusion by the donee of the power of others than heirs of the donor could not operate to render the donee's execution of the power wholly void. The property and interests of the appointees are clearly indicated, and the valid and invalid parts are severable. The appointment is void only to the extent that it includes grandchildren having living parents who are the donor's heirs. 49 C. J., p. 1300, section 135.

■ Such was the conclusion of the chancellor, but he said inasmuch as Nelle Hodges Stegall, the residuary legatee to whom the illegally disposed of interest would pass, made no question as to the legality of the appointment of grandchildren, and no one else could make it, the appointment to those named in items 7, 8, and 9 of

Mrs. Hodges' will should stand. In other words, the chancellor held that the grandchildren, illegally desig-. nated as appointees to share with their parents in the division of the land described in item 6, would take the interest given them to the exclusion of the residuary legatee who is making no claim to it.

We find no reversible error in the decree of the chancellor, and direct that it be affirmed.