McKinney, J.,
delivered the opinion of the Court.
Washington Turner, a free man of color, died in Wilson county in 1853. He was possessed at the time of his death of a small personal estate, which hy his last will and testament he bequeathed jointly to his wife and children.
The will was properly proved and admitted to record, and the defendant qualified as executor thereof. The complainant, who is likewise a free person of color, is the widow of the testator. The children provided for in the will are in the condition of slavery: they are not the issue of the complainant, hut of a female slave, the property of a stranger to the testator, to whom they also belong. The widow dissented from the will, in the mode prescribed hy the statute, and has brought this bill, upon the assumption that, upon the foregoing state of facts, she is entitled to take the entire estate under the act of 1844, ch. 211.
It is clear that the “children” of the testator, being slaves, with no right to freedom present or prospective, are incapable in law of taking any benefit under the will; and inasmuch as, by the dissent of the widow, the will can have no legal effect or operation whatever, there is certainly much plausibility in the position that, the property which the will assumes to dispose of being left in the same condition as if no such will had existed, the widow is entitled to take as in case of actual intestacy. *211 But the course of judicial decision in this State has been in opposition to such right in the widow in cases like the present. This question is concluded by the case of Watkins vs. Dean, 10 Yerg., 321-327, and other subsequent cases not reported, as well upon the act of 1827, ch. 14, as upon the act of 1844, ch. 211. Both of these statutes have been construed to apply only to cases of intestacy, in the legal sense of that term. The act of 1784, ch. 22, § 8, places a widow dissenting from the will of her deceased husband on the same footing with the widow of one dying actually intestate; but the provisions of the acts of 1827 and 1844 are restricted to the widow of any person who shall “ die intestate.” Consequently, the complainant’s rights are governed by the act of 1784, which gives to her one-third of the personal estate, and dower of the real estate.
It is furthermore insisted for the complainant that she has a right to have “a year’s provision” set apart to her out of the personal estate, in addition to and exclusive of her “one-third” part, under the act of 1784. To this she is clearly entitled by force of the act of 1841, ch. 4, which in express terms gives “one year’s provision” to widows dissenting from the wills of their husbands, in like manner as if they had died intestate. But this year’s provision must be taken out of the aggregate personal estate before division, and not out of the remaining two-thirds, after setting apart one-third of the entire estate to the widow.
Again, it is insisted that the complainant is entitled, in addition to the foregoing provisions, to all such articles of personal property, etc., as are by law exempted from execution; and in this view of the law we concur. The *212 act of 1833, ch. 2, § 1, does not discriminate between persons dying testate and those dying intestate. Its language is, “where any person shall die leaving a wife;” and within this provision a widow dissenting from the will of her husband as properly falls as does the widow of one dying intestate. Neither does the act of 1842, ch. 44, § 2, make any such discrimination. It applies to all widows, regardless of whether the husband made a will or died intestate, and secures to the widow all such property as is exempt from execution; and furthermore expressly declares that such property “shall not go to the executor or administrator; ” thereby clearly manifesting the intention that the widow of a person having made a will and of one dying intestate should he alike entitled to the benefit of the statute.
But the various articles of property, etc., secured to the widow under these statutes, must also he taken from the aggregate personal estate before division. The remaining two-thirds, in favor of the widow, will he charged with the proper expenses of the administration. And the residue thereof will he declared to have escheated to the State for the benefit of the “ common school fund,” the testator having died leaving no person capable in law of inheriting from or through him, or of taking either under his will or under the statute of distributions.
The decree of the Chancellor will be reversed; and the cause will be remanded, to the end that the parties entitled to claim the escheated fund may he brought before the Court. The costs of this litigation in this Court, as well as in the Court below, will be paid out of the residue of said fund.