eral employer is interested in the work, have accordingly no application.

The learned counsel for the respondents also relies upon the case of Downes v. Elmira Bridge Co., 179 N. Y. 136, 71 N. E. 743, as authority for the proposition that the plaintiff assumed the risk of injury from the defendants' negligence. In that case, however, the plaintiff was a mere licensee, and even the implied invitation to use the defendant's wharf at the time of the accident had been revoked by the inherently dangerous work then being openly carried on. The case was controlled by the proposition that dangerous work in plain sight is notice to a mere licensee, and negatives the assurance of safety except from wanton injury or willful misconduct. Here, however, the plaintiff appears to have been upon the wharf as a matter of right, in the discharge of some contractual obligation with which the defendants were apparently beneficially connected, while the work going on was certainly reasonably safe if performed with ordinary care.

The judgment should be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.

---

In re KEENAN et al.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

WILLS—CONSTRUCTION—GIFT IN TRUST—SUFFICIENCY OF TRUST.

Testator bequeathed to one $5,000, "to be expended by him as I have instructed him during my lifetime." He also gave him $1,000 "for his personal use." *Held*, that the $5,000 gift, being designed for some other object than the legatee's personal use, was invalid, because of its insufficiency as a trust.

Appeal from Surrogate's Court, Kings County.

In the matter of the judicial settlement of James Keenan and another as executors, and another as executrix, of the will of Owen Nolan, deceased. From a decree of the Surrogate's Court adjudging that a bequest to James S. Duffy is void, the legatee appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Herbert T. Ketcham (Joseph E. Owens, on the brief), for appellant.

William H. Stryker, for respondent executors.

William F. Hagarty, for respondent Nellie Nolan.

WILLARD BARTLETT, J. This appeal calls for the construction of the tenth and seventeenth paragraphs of the will of Owen Nolan, deceased. Those paragraphs read as follows:

"Tenth. I give and bequeath to my friend Rev. James S. Duffy, the sum of Five thousand ($5,000.00) dollars, to be expended by him, as I have instructed him during my lifetime. * * *

"Seventeenth. I give and bequeath to my friend Rev. James S. Duffy, for his personal use the sum of One thousand ($1,000.00) dollars."

The learned surrogate has held that the tenth paragraph is invalid because, while the bequest partakes of the general nature of a trust, the necessary requirements of a trust are not stated. He has also declined to sustain it as an individual bequest because the seventeenth clause, giving the same legatee $1,000 "for his personal use," indicates that the bequest of $5,000 in the tenth paragraph could not have been intended to go to the appellant individually. The case of Gross v. Moore, 68 Hun, 412, 22 N. Y. Supp. 1019, is cited in support of these conclusions. That case is distinguishable, I think, in two essential particulars. The gift there under consideration was not to any legatee or devisee by name, but to the executor of the testator, and concluded with the words "to be distributed by him according to instructions given to him by me." This direction amounted to a plain negation of any idea that the executor was to retain for himself the substance of the gift. A distribution was wholly inconsistent with a retention of the property by the executor. No such manifest inconsistency is presented by the language of the tenth paragraph of the will in the case at bar. If that paragraph stood alone it would not be difficult to hold that an expenditure for the benefit of the legatee himself was contemplated by the testator when he required the $5,000 "to be expended by him as I have instructed him during my lifetime." It becomes much less easy to adopt this view, however, when the tenth paragraph is read in connection with the seventeenth, wherein $1,000 is bequeathed to the appellant "for his personal use." These words imply that the $5,000 bequeathed by the previous tenth paragraph was not designed to be applied to the personal use of the legatee, but was intended rather to be received and disbursed by him for the benefit of some other person or persons. Looking at both paragraphs together, it would seem as though the testator had unsuccessfully endeavored to create a trust by the tenth paragraph, and, having failed in that purpose, that the bequest has properly been adjudged to be invalid. Indeed, counsel for the appellant do not seek to sustain this bequest as a trust, but they argue that it should be upheld as a gift to the appellant individually. The substance of their argument on this subject is well summed up by the following extract from their brief:

"The two provisions may well have been in effect as follows: 'I give the first gift accompanied by instructions, which are purely precatory, because I would like to have it devoted to a certain purpose, but the gift is not conditioned upon the fulfilment of my request. In the second gift I describe it as for the legatee's personal use because it is not encumbered even by my wish or desire.'"

The difficulty which I find in assenting to this construction arises out of the force and effect which it seems to me must be given to the declaration accompanying the bequest of $1,000, which expressly provides that it is designed for the personal use of the legatee. Would it be either natural or appropriate for the testator to insert such a direction if he had intended that the previous bequest of $5,000 should under any circumstances be applied to the personal use of the same individual? I hardly think so. Although the intent of the testator is by no means perfectly clear, and I appreciate that

different minds might fairly reach different conclusions upon this question, I am impressed with the idea that the testator intended that the beneficial enjoyment of the larger bequest should go to some one or more persons other than the appellant, or be devoted to some other object than his personal use, and that the smaller bequest is the only one designed for the benefit of the appellant personally. It is unfortunate, of course, that the first bequest should fail by reason of its insufficiency as a trust; but, in the view which I take, we should not be carrying out the intent of the testator by construing the tenth paragraph as an absolute individual bequest.

For these reasons, but not without serious doubt, I advise an affirmance of the decree appealed from.

Decree of the Surrogate's Court of Kings county, in so far as appealed from, affirmed, with costs. All concur.