telligent, but its force and purpose are multiplied when its equivalent is repeated.

The will at first speaks of "my children and grandchildren" as the persons whom the testator is about to consider in the division of his estate. He then develops a scheme under which provision is made for every child and grandchild then living. In this scheme he fully satisfies the thought contained in the introductory mention of "children and grandchildren." In providing for the remainder over which is involved in this accounting, he departs from the general description with which he started and makes such remainder payable, not to children or grandchildren, but to "surviving children or their heirs." This second classification, at least verbally, excludes grandchildren, and, as to children, adds a qualification not found in the earlier part of the will.

A new purpose appears, unless the new word "surviving" can be robbed of all meaning. Its fair grammatical value is that the gift over shall reach, not his children or their heirs, but such of his children as shall survive some event later than the time of the will. This distinction is again enforced when, as argued supra, the words "surviving children" of the deceased daughter are used only to describe children who shall survive at the time of payment. A construction that the words "my surviving children or their heirs" may permit a proportionate payment to children whose parent was a child of the decedent and had died before the will was made would offend simple rules of language. It would involve a result reached, not under, but despite, the words in question. The only suggestion in its favor is that the testator would not have intelligently excluded his deceased children's offspring. This would have afforded the testator a good reason for making a different will, but the law cannot make it.

The distribution of the trust fund should be among the children of the decedent who did survive him.

Decreed accordingly.

---

(74 Misc. Rep. 327.)

## In re PHILBRICK et al.

(Surrogate's Court, New York County. November, 1911.)

CHARITIES (§ 22*)—INDEFINITE BEQUESTS—VALIDITY.

    A bequest with the words, "it being understood between us that she is to spend said amount in charity, both in the kingdom of Italy and in the city of New York, U. S. A.," was intended to be held by the legatee in trust and used for purposes so uncertain as to render the gift void.

    [Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 51–56; Dec. Dig. § 22.*]

In the matter of the judicial settlement of the accounts of Edwin C. Philbrick and Paul M. Warburg, executors. Decree rendered.

Duer, Strong & Whitehead (Marshal Stearns, of counsel), for executors.

Thomas Carmody, Atty. Gen., for the State.

COHALAN, S. Testatrix died on the 1st day of June, 1909, leaving a last will and testament dated March 21, 1908, and a codicil thereto dated December 16, 1908. Upon the judicial settlement of the accounts of the proceedings of the executors, the question of the validity of the following paragraph of the codicil is raised:

"I give, devise and bequeath the amount which has been bequeathed to me by the last will and testament of my son to my daughter, it being understood between us that she is to spend said amount in charity, both in the kingdom of Italy and in the city of New York, U. S. A."

The bequest evidently was intended by the testatrix, not for the personal benefit of the legatee, but to be held by her in trust and used for the general purpose specified by her. Gross v. Moore, 68 Hun, 412, 414, 22 N. Y. Supp. 1019, affirmed 141 N. Y. 559, 36 N. E. 343, upon opinion below; Matter of Keenan, 107 App. Div. 234, 94 N. Y. Supp. 1099. That purpose may comprehend a variety or infinitude of objects and purposes, as contradistinguished from beneficiaries, any one of which may or may not have been contemplated by the testatrix, making utterly improbable the ascertainment and execution of her purposes and intentions by any court, owing to their great indefiniteness and uncertainty.

The bequest must therefore be declared void, and this notwithstanding the greatly enlarged powers to make gifts for charitable and benevolent objects given by chapter 701, Laws of 1893, and chapter 291, Laws of 1901, which, so far as they affect personal property, are now embodied in section 12, art. 2, chapter 41 of the Consolidated Laws. Matter of Scott, 31 Misc. Rep. 86, 87, 64 N. Y. Supp. 577; Manley v. Fiske, 66 Misc. Rep. 390, 123 N. Y. Supp. 129, and 139 App. Div. 667, 124 N. Y. Supp. 149; Matter of Shattuck, 193 N. Y. 446, 86 N. E. 455. The amount ineffectually attempted to be bequeathed passes to the residuary legatees under the will of decedent.

Decreed accordingly.