FRANK H. HASKELL, Admr., D. B. N. C. T. A., In Equity,

*vs.*

HALL J. STAPLES, et als.

York.    Opinion March 14, 1917.

*Words showing intention to create a trust, but indefinite and uncertain as to objects*
*of trust.    Title of trustee where trust purposes are indefinite and*
*uncertain.    Resulting trusts.*

Item four of a testator's will contained these words:

"And the residue of my personal estate I leave in trust to said Hall J. Staples to be by him distributed and disposed of as he pleases."

In a bill in equity brought to obtain the construction of this clause it is *Held:*

1.   That the testator did not intend to give the absolute ownership of the residue to Staples, but to create a trust therein.

2.   That this trust cannot be upheld as a charitable trust, because the fund is not limited to any use that falls within the scope of a public charity as known to the courts.

3.   That the attempted trust must fail for uncertainty and indefiniteness.  A trust which, by its terms, may be applied to objects not charitable in the legal sense and to persons defined neither by name nor by classes, is too indefinite to be carried out.

4.   When a bequest is made in terms clearly manifesting that it shall be taken in trust and the trust is so indefinite that it cannot be carried into effect, the legatee takes the legal title only and a trust results by implication of law to the testator's residuary legatees or next of kin.

5.   That in this case there is a resulting trust in favor of the heirs at law and the balance of the estate after the payment of any remaining expenses of administration should be divided among them under the laws governing the distribution of intestate property.

Bill in equity asking for the construction of the will of Nathaniel McLellan, and especially paragraph four of said will.  This cause was heard upon bill and answers.  Questions of law having arisen of

sufficient importance and doubt, and the parties agreeing thereto, the cause was reported to the Law Court for decision upon the bill and answers. Bill sustained with costs. Decree in accordance with opinion.

Case stated in opinion.

*Frank H. Haskell,* for plaintiff.

*Earle L. Russell,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, MADIGAN, JJ.

CORNISH, J. Nathaniel McLellan of Newfield in the County of York died testate in 1884, his last will and testament being duly proved and allowed on the first Tuesday of August, 1884. Hall J. Staples was appointed executor thereof. The executor converted all the assets of the estate into cash, paid the indebtedness and the bequests and filed two accounts which were duly allowed. The last account showed a balance of $3,054.94 in his hands, which balance is on deposit in the Portland Savings Bank and with accrued dividends now amounts to more than five thousand dollars.

Hall J. Staples being adjudged of unsound mind was removed from the executorship by the Probate Court on May 2, 1916, and on June 5th, 1916, the plaintiff was duly appointed administrator de bonis non with will annexed.

After providing for the payment of debts and making certain devises and legacies the concluding paragraph in the will is as follows:

"Fourth. I give and bequeath to my nephew Hall J. Staples of Buxton in the County of York five hundred dollars, and the residue of my personal estate I leave in trust to said Hall J. Staples to be by him distributed and disposed of as he pleases and I do hereby appoint said Hall J. Staples to be executor of this my last will and testament, hereby revoking all former wills by me made."

What disposition shall be made of the residuum? Does it belong to Staples personally, or was it given in trust and if so has the trust failed so that the executor is authorized to distribute the same as intestate property among the testator's heirs at law? These are in substance the questions propounded to this court, and under well settled principles of construction it is clear that distribution must be made among the heirs.

That the testator did not intend to give the residue outright to Staples is apparent.

In the first place in this same paragraph he makes an absolute bequest to Staples of five hundred dollars. If he had intended to give him the residue also, no reason can be conceived why he should have divided his gift into two parts. The carving out of the five hundred dollars and making it an absolute gift and then leaving the balance to him in trust makes a sharp distinction between the nature of the two estates intended to be conveyed. When other and separate provision has been made for the legatee, it has been held to indicate an intention on the part of the testator, not to bequeath the beneficial interest in other property, the legal title to which is also given to the legatee. *Briggs* v. *Penney*, 3 DeG. & Sm., 525, aff., 3 McN. & G., 546; *In re Keenan*, 107 App. Div., 234, 94 N. Y. Supp., 1099; *Nichols* v. *Allen*, 130 Mass., 211.

Again the words "I leave in trust" coupled with "to be distributed and disposed of as he pleases" leave no room for doubt as to the testator's intention. They are meant to create a trust and not to grant an absolute ownership. The legal title is conveyed but not the beneficial. Perry Tr. Section 158; *Fitzsimmons* v. *Harmon*, 108 Maine, 456, and note 37 L. R. A., N. S., 400.

The attempted trust however, must fail for uncertainty and indefiniteness. "A trust which by its terms may be applied to objects not charitable in the legal sense, and to persons not defined by name or by class, is too indefinite to be carried out." *Nichols* v *Allen*, 130 Mass., 211. The bequest in that case was in these words: "to be by them distributed to such persons, societies or institutions as they may consider most deserving." The trust was declared void. Other illustrations of the same principle are these: "Upon trust to dispose of the same at such times and in such manner and for such uses and purposes as they shall see fit, it being my will that the distribution thereof shall be left entirely to their discretion." *Fowler* v. *Garlike*, 1 Russ. & Mylne, 232; "Upon trust to pay her debts and legacies and to dispose of the ultimate residue to such objects of benevolence and liberality as the Bishop in his own discretion shall most approve of." *Morice* v. *Bishop of Durham*, 10 Ves., 521. "To my brother. . . . in trust to be disposed of by him as I have heretofore or may hereafter direct him to do" and the beneficiaries were disclosed neither in the will nor in any other document that

could be regarded as a part of it. *Heidenheimer* v. *Bauman*, 84 Tex., 174, 19 S. W., 382; "In trust . . . . to expend solely for benevolent purposes in their discretion." *Chamberlain* v. *Stearns*, 111 Mass., 267; "To distribute the same in such manner as in his discretion shall appear best calculated to carry out wishes which I have expressed to him or may express to him." *Olliffe* v. *Wells*, 130 Mass., 221. "To divide as seems to her best, as I have told her my wishes in the matter mentioning all relatives including my nephews." *Fitzsimmons* v. *Harmon*, 108 Maine, 456.

The bequest in the will under consideration. "I leave in trust to Hall J. Staples to be by him distributed and disposed of as he pleases" is certainly no less uncertain and indefinite than the illustrations above given. It cannot be upheld as a charitable trust because the fund is not limited to any use that falls within the scope of a public charity as known to the courts and as defined in *Jackson* v. *Phillips*, 14 Allen, 539. This definition has been followed and applied in this State in the very recent case of *Bills* v. *Pease*, 116 Maine, 98. Clearly the attempted trust must be held to fail.

Here comes in another well settled rule that when a bequest is made in terms clearly manifesting an intention that it shall be taken in trust and the trust is so indefinite that it cannot be carried into effect, the legatee takes the legal title only, and a trust results by implication of law to the testator's residuary legatees or next of kin. *Nichols* v. *Allen*, 130 Mass., 211; *Fitzsimmons* v. *Harmon*, 108 Maine, 456, and the other authorities cited above.

Answering therefore the questions propounded by the executor we would say, first, that Hall J. Staples is not entitled to the residue of the personal estate bequeathed under clause four in the will of Nathaniel McLellan; and second, that there is a resulting trust in favor of the heirs at law of said McLellan and that the balance of the estate after payment of any remaining expenses of administration, should be divided among them under the laws governing the distribution of intestate property in this State.

Bill sustained with one bill of costs for the plaintiff and one for the defendants. Reasonable counsel fees shall also be allowed by the sitting Justice to attorneys on both sides to be paid from the estate and allowed to the plaintiff in his account.

*Decree accordingly.*