BEASLEY et al. v. BEASLEY et al.—
230 S. W. (2d) 425.

Middle Section.   March 31, 1950.

Petition for Certiorari denied by Supreme Court, June 7, 1950.

Lewis S. Pope, of Nashville, for appellant.

Solon Fitzpatrick, of Carthage, for appellees.

HOWELL, J.

The bill in this case was filed by Floyd Beasley and others against George Beasley, the parties being the children and heirs at law of Rufus Beasley, and prays a construction of the will of Rufus Beasley probated in the County Court of Smith County, Tennessee, on April 1, 1912, especially with reference to the validity and effectiveness of a power of appointment contained in the will.

The case was heard by the Chancellor on oral testimony and a decree entered dismissing the bill, after the filing of a written memorandum construing the will in favor of the defendant.

The complainants have properly perfected an appeal to this Court, and have filed assignments of error.

The part of the will about which this disagreement arose is as follows: ". . . At the death or remarriage of my said wife, the land is to belong to my sons Sherman, Cason and George during their natural lives, at their death to belong to their children. Should either of them die leaving no children his share is to belong to all of my children or their descendants. Though this clause shall not prevent them or either of them from selling or willing his share in said land to any one or more of my children but not to any other person. . . ."

The land mentioned was a farm and the home place of the testator Rufus Beasley. The testator had divided the farm among his three sons, Sherman, George, and Cason Beasley and Cason Beasley who died in 1949 by his will gave his part of the land of his father Rufus Beasley to his brother George Beasley, the material part of his will being as follows: "By virtue of authority vested in me by the Will of my Father, Rufus Beasley, which is probated in the office of County Court Clerk at Carthage,

Tennessee, in Will Book 'E' pages 260-262, I, will, give and devise to my brother, George Beasley, the tract of land that was devised to me by my father in his said Will during my lifetime with the power to sell or will to any of my Father's children, and my said brother, George Beasley, is a son of my Father. . . .''

It is the contention of the complainants that by the will of Rufus Beasley, Cason Beasley took only a life estate in the land involved, and it is the contention of the defendant that under a proper construction of the will of Rufus Beasley the complainants have no interest in this land and that George Beasley, the defendant, is the owner of same in fee simple by reason of the power of appointment in Cason Beasley and the exercise of this power by him in his will. Cason Beasley's wife predeceased him and they had no children.

The question, therefore, is whether or not there is a valid power of appointment in the will of Rufus Beasley which was exercised by Cason Beasley. The Chancellor held that there was a valid power of appointment which was exercised strictly according to its terms and that defendant George Beasley was the rightful owner of the farm.

The complainants insist that the alleged power of appointment in the will of Rufus Beasley is not clear, plain, and unambiguous and is therefore invalid.

A power of appointment is defined in Vol. 41 American Jurisprudence in paragraph 2 on page 806 as follows:

''A power over property is defined as a liberty or authority reserved by, or limited to, a person to dispose of real or personal property for his own benefit, or for the benefit of others, and operating on an estate or interest, vested either in himself or in some other per-

son; the liberty or authority, however, not being derived out of such estate or interest, but overreaching or superseding it, either wholly or partially. Such a power has also been defined as an authority enabling one person to dispose of the interest which is vested in another. It has been defined by statute as an authority to do some act in relation to lands, or the creation of estates therein, or of charges thereon, which the owner, granting or reserving such power, might himself lawfully perform. Both real and personal property may be subjected to a power of appointment.

"A power of appointment is not an absolute right of property nor is it an estate, for it has none of the elements of an estate. The authority given to the donee of a power of appointment does not vest in him any estate, interest, or title in the property which, is the subject of the power. A general power of disposition existing as a power does not imply ownership; in fact, the existence of such a power, as a technical power, excludes the idea of an absolute fee simple in the person who possesses the power, although where the power is for his own benefit, he has the means of acquiring such interest, right, or title; and in all cases, by the execution of the power, the possession, right, title, or interest is altered or divested. A power to convey land creates in the donee thereof no right, title, or interest in the property to be conveyed. Property that passes by power of appointment belongs to the donor of the power and not to the donee. Whether a power of appointment is or is not exercised, the property that was subject to appointment is not subject to distribution as part of the estate of the donee."

In the same volume, 41 American Jurisprudence, Sec. 6 on page 810, it is said: "When the intention to create

a power is plain it should be given effect; no technical form of words is necessary. . . ."

And in Section 7 on page 811 is the following:

"According to the weight of authority, a testator may, by testamentary instrument, authorize a designated person to change the effect of the testator's will or to make a disposition of the testator's estate different from that provided for in the will. Such an authorization is held to confer a power of appointment. . . ."

And in Section 9 on page 812 it is said: "An instrument, such as a deed or will, creating a power of appointment is to be interpreted so as to ascertain the intention of the donor and to give it effect unless some rule of law prevents. Effect should, if possible, be given to every word or clause in the instrument, so long as they are not inconsistent with the general intent of the instrument as a whole. A will conferring a power of appointment by will, and the will of the donee exercising such power, must be construed together."

In 49 Corpus Juris, page 1277, paragraph 92, is the following:

"Effect of Existence of Power on Other Rights and Interests in Property. A power is ineffective until it is executed. Other rights and interests in the subject matter of a power are unaffected by its mere existence, and they may vest or take effect subject to the power, although liable to destruction or divestment upon its execution.

"Objects of power have, by virtue merely of the existence of the power, no contingent interest or estate in the subject matter pending its exercise."

In the case of Guarantee & Trust Co. v. Jones, 103 Tenn. 245, 58 S. W. 219, the will of Mrs. Elizabeth Jones

contained the following clauses: " '. . . The other three-fifths I divide between my grandchildren, giving the children of my son, J. W. Jones three-tenths, and to children of my son H. F. Jones three-tenths; my two sons, J. W. & H. F. Jones, to have the power to sell or convey, by deed or otherwise, or to dispose of the land in any way they see proper, for the benefit of their children; they, my two sons, being the judges of what is the best for their children. That is, my son J. W. Jones has the power to dispose of the land I give to his children, and my son, H. F. Jones has the power to dispose of the land I give his children. . . .' "

In the opinion the Supreme Court said:

"It is plain, we think, from the terms of the will, that these sons, H. F. Jones and J. W. Jones, were not constituted trustees for their children, but held a mere power of appointment, which they were authorized to exercise at their discretion. 'In some cases the donor makes a direct gift to one party, but subjects the gift to the discretion or power of some previous taker or other party.' 1 Perry, Trusts, Section 250. 'A power of sale may override estates in fee.' 18 Am. & Eng. Enc. Law, 907. 'A donee with general power of appointment is practically the owner.' Id., 916. See Lawrence's Estate, 136 Pa. at page 354, 367, 20 A. 521, 11 L. R. A. 85, [20 Am. St. Rep. 925]; Beck's Appeal, 116 Pa. 547, 9 A. 942; Hoxie v. Finney, 147 Mass. 616, 18 N. E. 593; Kull v. Kull, 37 Hun. 476, [37 N. Y. 476.] 'It is obvious that every power of appointment is, strictly speaking, a power of revocation; but still there is a striking distinction between estates actually limited in a settlement with a power of revocation, and estates limited in default of the exercise of a preceding power of appoint-

ment. In the first case the estates are vested, subject to be revoked or defeated by the exercise of the power.'
. . ."

In the later case of Bridgewater v. Turner, 161 Tenn. 111, 29 S. W. (2d) 659, 660, Chief Justice Green said: "In this case the testator's wife undertook to exercise the power of appointment by will unequally among such of her children as were then living and to some of her grandchildren. The court held the appointment to the children good but the appointment to the grandchildren bad, because the power to appoint to children does not include the power to appoint to grandchildren. Jarnagin v. Conway, 21 Tenn. 50. That portion of the property which she undertook to appoint to the grandchildren was treated as though no appointment had been made respecting them, and it was divided in equal proportions among the children and the representatives of deceased children."

In the case of Hodges v. Stegall, 169 Tenn. 202, 83 S. W. (2d) 901, 903, 100 A. L. R. 339, the Supreme Court said: "By his will G. W. Hodges provided that the home farm of 220 acres descend to his heirs in manner and proportion as his wife might by will or otherwise direct. The donor expressly empowered the donee to determine the manner as well as the proportion that should pass to his heirs. Under that broad power the donee could make an unequal division and could direct a sale of the smaller portions for purposes of distribution to the appointee heirs."

In the case of Williams v. Coldwell, 172 Tenn. 214, 111 S. W. (2d) 367, 370, 114 A. L. R. 941, it is said:

". . . Construing the will as a whole and giving effect to all of its provisions, as is required, the conclu-

sion is inescapable that Sarah Ann Terry, as life tenant, was vested with a limited power of disposition.

"In Page on Wills, Section 695, it is stated: ·

" 'A power of sale of the remainder may be given to one to whom a life estate in the property, covered by the power, is devised. This power may be given expressly. Such a power may also be implied from a gift to one for life, and a gift over of the unexpended portion at the death of the life tenant to another.'

\*　\*　\*　\*　\*

"Where limited power of sale is conferred on the life tenant by the will, it cannot be supposed that a sale made in the exercise of the power would be ·void. It is apparent that when the power of disposition is exercised by the life tenant within the restriction, limitation, or contingency imposed, that the vendee of the life tenant would take a valid title to the property so conveyed."

In this case we are of the opinion that it was the intention of the testator clearly expressed, as shown by the part of the will quoted above, that his sons should have the power to sell or devise by will their share in the testator's lands "to any one or more of my children, but not to any other person."

We find that there is no error in the decree of the Chancellor.

The assignments of error are overruled and the decree of the Chancery Court is affirmed. The appellants will pay the costs.

Felts and Hickerson, JJ., concur.