# MRS. KATE McNISH ALLEN v. FIRST AMERICAN NATIONAL BANK, Executor, etc., et al.—376 S. W. (2d) 713.

Middle Section. July 26, 1963.

Certiorari Denied by Supreme Court December 5, 1963.

M. S. Ross, E. J. Walsh, Nashville, for complainant.

Hofstetter & Hofstetter, Nashville, for defendant Allen.

Bass, Berry & Sims, Nashville, for First American National Bank.

I

SHRIVER, J. This suit involves the right of a dissenting widow to maintain her bill asking a construction of her husband's will and seeking to have the 12th item thereof declared void for uncertainty, it being insisted that he died intestate as to the remainder of his estate which he sought to place in trust by the 12th item, and that she is thus entitled to receive such remainder as intestate property, there being no children.

The Chancellor found, among other things, that the result of the widow's dissent was that she took that portion of her husband's estate provided by statute instead of that provided by the will and that, therefore, under Section 31-606, T.C.A. she had no further interest in the remaining assets of the estate and was not entitled to maintain this suit.

From the decree dismissing her bill the widow appealed and has assigned errors.

## II

The holographic will of Wm. J. Allen is not questioned as to validity except item twelve thereof.

After making a number of specific bequests the will provides;

*"Eleventh* I hereby appoint The First American National Bank, Nashville, Tenn, the sole Executor of this my last Will & Testament, hereby revoking all former wills by me at any time made—

*"Twelve* All the rest of my estate both real and personal I give to my Executor, in trust for the following named purpose:

"I direct that my executor, if they deem advisable to sell any and all securities, keeping the proceeds invested—I further direct that any and all income accruing from this trust be paid quarterly to my wife Kate McNish Allen. Upon her death this trust terminates, and is to be disbursed according to instruction of the following persons—Jas. P. Allen, J. B. Allen, H. F. Allen, all being my nephews."

### III

The Chancellor in his memorandum opinion summarized the facts and stated his conclusions as follows:

"William J. Allen died testate a resident of Davidson County, Tennessee, on July 16, 1960, survived by his widow, the complainant, and without issue. His will was duly probated on July 21, 1960, and the defendant, First American National Bank, named Executor therein qualified as such.

"The testator's will was an holograph, by the terms of which he made certain specific bequests, and by the Twelfth item he devised the remainder of his estate to his Executor in trust to pay the income therefrom quarterly to his wife and '* * * * Upon her death this trust terminates, and is to be disbursed according to instructions of the following persons—Jas. P. Allen, J. B. Allen, H. J. Allen all being my nephews.'

"On February 2, 1961, an order was entered in the County Court of Davidson County reciting that '* * * Kate McNish Allen, widow of the deceased William J. Allen, appeared in open court and stated that she desired to dissent from her husband's will and filed a formal written dissent * * *.'

The language of her dissent is as follows:

" 'I, the undersigned Kate McNish Allen, widow of the late William J. Allen who died in Davidson County, Tennessee, July 16th 1960, do hereby in open court dissent from the Will of my husband, William J. Allen, and I request that I be awarded my rights and interests in my husband's estate in accordance with the laws of Tennessee.

" ' In recording this dissent it is my insistence that a portion of my husband's will makes a valid disposition of a part of his estate and portion of his Will is invalid, and I hereby reserve the right to question the validity of that portion of my husband's will in Paragraph Twelve thereof which purports to dispose of the rest of his estate after the death of the Testator's widow, Kate McNish Allen.' "

"Her dissent was signed and sworn to by her on January 19, 1961, having affixed thereto the signature of her counsel in this proceeding, and same was filed on January 20, 1961. Said order entered February 2, 1961, further provided; It is, therefore, ordered that the dissent of Kate McNish Allen to her husband's will be and the same is hereby recorded on the minutes of the court.' This order is approved for entry by the same counsel.

"Thereafter, on December 19, 1961, the complainant filed her original bill herein for the purpose of construing her husband's Will and alleged that the trust created by the Twelfth item is void and that therefore he died intestate as to the remainder of his estate which he sought to place in the trust. She further alleged that she was entitled to receive such remainder as intestate property, there being no children. The pertinent prayer is: '2nd: That complainant have a decree entered in this cause construing the said will of William J. Allen and adjudging that the clause in said Will which provides for the disbursement of the Trust assets after the death of the life tenant is illegal and void, and that,

as to the remainder of said assets, the said William J. Allen died intestate.'

"She also prayed for general relief.

"Defendants to said bill are the Executor and the nephews of William J. Allen, named in the Twelfth item of his will. The Executor has filed its answer.

"The defendants, Allen, filed their plea and answer and with their plea filed a certified copy of the order entered in the County Court of Davidson County on February 2, 1961, which contained the dissent of the complainant to her husband's will. Said plea also sets forth that the widow had taken charge of the exempt and jointly owned property and has applied for and received a year's support in the amount of $9,600.00, and further stated that she was entitled to receive a one-third share of the remaining net estate. It is insisted by said plea that the complainant having dissented from her husband's will, applied for and received her year's support and the exempt property and being entitled to one-third of the remaining net estate, she has no more or greater interest in her husband's estate than provided for dissenting widows by the laws of the State of Tennessee.

"At the trial of the cause, there being no objection to complainant filed her demurrer to said plea.

"The Court will treat the demurrer as the equivalent of a motion by the complainant to test the sufficiency of the plea. Upon consideration the Court is of the opinion that said plea is sufficient if true and the cause having gone to trial and all facts alleged in said plea having been proven the

Court is of the opinion that said plea should be sustained.

"The statements contained in "Section 766, Right of Dissenting Widow in Estate of Deceased Husband; Effect of Dissent,' Phillips' Prichard-Law of Wills, are well supported by authority and are approved by this Court.

"The dissent by the complainant was a voluntary act upon her part, the result of which is that she chose to take the portion of her husband's estate provided by statute for dissenting widows, instead of that part which he chose to give her by his will. The applicable statute is T.C.A. 31-606, as follows;

" 'Distributive share and dower of widow dissenting from husband's will.—When a husband shall die, leaving a will from which the widow dissents, within the time and in the manner provided by law, and leaving no child, or not more than two (2), his widow shall be entitled to one-third (1/3) part of the personal estate, in addition to her dower in the real estate. But if the husband leave more than two (2) children, the widow shall share equally with all the children, she being entitled to a child's part.' "

"Her interest is so limited, regardless of what may be the result of the construction of her husband's will, for she can take nothing except what she is allowed by statute as a dissenting widow. This being true, she has no further interest in the assets of her husband's estate or what becomes of them and having no interest she is not entitled to maintain this cause.

"Having reached the foregoing conclusion it is improper for this Court to construe the deceased's will when the parties having an interest therein are not before the Court and the complainant has no interest.

"The complainant's bill will be dismissed at her costs.

"Decree accordingly.

"Alfred T. Adams
_____
"Chancellor

"This 28th day of December, 1962."

## IV

### Assignments of Error

There are three assignments which assert (1) that the Chancellor erred in sustaining the plea of the defendants to the effect that complainant's dissent deprived complainant of a right to attack the validity of item twelve of the will and (2) of his holding that the dissenting widow was not entitled to question the validity or maintain this suit regardless of the construction of the questioned item of the will, and (3) that it was error to fail and refuse to pass upon the validity of item twelve of the will.

## V

Counsel for complainant point out in their well reasoned brief that all the estate in controversy in this suit is personal property and that, under 31-201, T.C.A. the personal estate to which any person dies intestate, after the payment of debts and charges against it, shall be distributed to the husband or wife altogether if there are

no children or descendants of children. Since, in this case there are no children or descendants of children, they argue that, if the clause of the will in question is declared void for uncertainty, their client, the widow, will be entitled to all of the remaining personal estate after the payment of debts, etc., and after the special bequests which are conceded to be good, are taken care of.

It is argued that prior to the Code of 1858 it was well established that the provisions of the Acts of 1784, and of 1827 and 1844 were restricted to cases of actual intestacy; that a widow dissenting from her husband's will did not create an intestacy; and that a dissenting widow's rights continued to be governed by the act of 1784 and were not enlarged by the acts of 1827 and 1844; that, consequently, a dissenting widow, where there were no children, was entitled to receive only one-third of her husband's personal estate. This was held in the cases of Watkins v. Dean, 18 Tenn. 321 and Turner v. Fisher, 36 Tenn. 209, decided in 1837 and 1856 respectively. These were said to be the cases upon which the learned Chancellor based his decision in the case at bar. But counsel for complainant argue that the Chancellor overlooked the fact that the part of the act of 1784 which fixed the share of a dissenting widow in her husband's estate was omitted from the Code of 1858, that Code providing in Section 2404, that a dissenting widow should be endowed as if her husband had died intestate. The word "endowed", as used in the code was construed in the case of Gupton v. Gupton, 40 Tenn. 488, decided in 1859, to entitle a dissenting widow to dower in the real estate and participation in the personal estate of her husband to the same extent as if he had died intestate. They argue that never since the adoption of the Code of 1858 have

either of these cases been treated as authority and they refer to an article in Tenn.Law Review, Vol. 19, page 941. They also cite the case of Cochran v. Garth, 163 Tenn. 59, 40 S. W. (2d) 1023, 76 A. L. R. 1413, wherein it was held that the general rule under this statute is that, upon the dissent of a widow, the whole estate is open so far as she is concerned and she is let into the enjoyment of all the rights thereto in as ample a manner as if her husband had died wholly intestate. They say that item twelve of the will of W. J. Allen is void for uncertainty and indefiniteness because it has no meaning unless provisions are added to the will not in the handwriting of the testator and, therefore, the widow should take under 31-201, T.C.A. and not merely a third of the personal estate as provided in 31-606, T.C.A.

In response to this, counsel for the defendants insist that at the time of the death of William J. Allen and at the time of complainant's dissent her rights were positively fixed by the provisions of T.C.A. sec. 31-606 which section is entitled *"Distributive share and dower of widow dissenting from husband's will"*. This section provides that, where the husband dies leaving a will from which the widow dissents and leaving no child or not more than two, his widow shall be entitled to one-third part of the personal estate in addition to her dower in the real estate.

It is pointed out that the rights of a dissenting widow, as set out above, were established by Chapter 22, Section 8, of the Acts of 1784 and have remained as thus fixed with the exception of a short period of time from the adoption of the Code of 1858 until its amendment by the Acts of 1859-60.

The cases of Watkins v. Dean, 18 Tenn. 321 and Turner v. Fisher, 36 Tenn. 209, above referred to as being the cases on which the Chancellor relied, were cases that construed the statute as it was before the Code of 1858 and it is urged by counsel for defendant that this construction obtains as to the present statute because the Code of 1858 was amended in 1859-60 so as to restore the statute as it was in the Code of 1784 and as it remains today.

■ An examination of the Code and other authorities convinces us that counsel for defendant is correct in his interpretation of this matter and that the statute as it stands today is a substantial re-enactment of the 8th Section of Chapter 22 of the Acts of 1784.

In Watkins v. Dean, 18 Tenn. 321, the Court held;

"When a widow dissents from her husband's will, she is not entitled to take the share of her husband's personalty which would have gone to her by statute if her husband had died intestate, but only one-third, or a child's part, of such personalty, * * *"

In Schaffler v. Handwerker, 152 Tenn. 329, 278 S. W. 967, Code Section 8360, now T.C.A. sec. 31-606, was construed and the court pointed out that Chapter 3 of the Acts of 1859-1860 limited the share under the will of a dissenting widow who was the sole survivor to one-third of the personality. In Waddle v. Terry, 44 Tenn. 51 and Cochran v. Gerth, 163 Tenn. 59, 40 S. W. (2d) 1023, 76 A. L. R. 1413, relied on by counsel for the complainant widow, the Court used language to the effect that it is the general rule under the statute in question that upon the dissent of a widow the whole estate is open as far as she is concerned, and that she is let into the enjoyment

of all her rights in as ample a manner as if her husband had died intestate.

Mr. Hoffman in his article in 19 Tennessee Law Review page 941, hereinabove referred to, says that while the foregoing opinions state that the effect of the dissent is to open the whole estate and let the widow into the enjoyment of all her rights as if the husband had died intestate, it is not believed that it was the intent of the Court to hold that the widow's dissent creates an intestacy, thereby making her rights identical with those provided by the general statutes of distribution. What the Court evidently intended to hold in these cases is that the effect of a dissent is to cause all of the legacies and devises to fall back and become a part of the corpus of the estate, as in the case of intestacy, for the purpose of assigning dower and making distribution to the widow, thus, that the specific legacies and devices should be considered in computing the value of the estate in which the widow is entitled to share because any other interpretation would be in the very teeth of the statute.

We think the rule that must be applied in determining whether or not Mrs. Allen has the right to maintain her bill is the rule followed in Wynne v. Spiers, 26 Tenn. (7 Humphrey) 394 and re-stated in Cowan v. Walker, 117 Tenn. 135, 96 S. W. 967, where it was said, "Under our authorities, however, a contestant must have a substantial interest which is to be served by his contest. Wynne v. Spiers, supra, and the various cases citing it." We think Mrs. Allen has a substantial interest in the validity or invalidity of the questioned item of her husband's will.

In Miller v. Miller, 52 Tenn. 723, it was said;

"Widow's dissent no estoppel to contesting will. The dissent of the widow to the will having had a year's support assigned her, will not estop her from contesting the will."

We think this is a sound rule which is still in effect in Tennessee.

In Moore v. Johnson, 75 Tenn. 580, it was said that the election of a widow to take under her husband's will does not estop her from afterwards contesting it if the part received by her has not exceeded her distributive interest if the will be set aside.

And in Demoss v. Demoss, 47 Tenn. 256, it was held that the widow of a testator who dies partially intestate and without children, or the descendants of such children, is entitled to the personal estate not disposed of under his will, although she may have accepted the devises made in her favor under the will.

We think the bill here of the dissenting widow raises a legitimate question as to the validity of item twelve of the will which disposes of all the residue of the testator's estate composed of personalty. And if her position should be maintained and item twelve stricken down, then she would become entitled to the entire residue under Sec. 31-201, T.C.A., there being no children. In other words, her right to dissent under Sec. 31-606, T.C.A. is not exclusive of her rights under Sec. 31-201, T.C.A. but her rights under these statutes are concurrent.

Since she is entitled to have the validity of the questioned item of her husband's will determined under the allegations and prayers of her bill, assignments Nos. 1 and 2 are sustained.

## VI

This brings us to assignment No. 3, which complains that the Chancellor failed to hold that paragraph twelve of the will is invalid.

■ Under this assignment it is insisted, since there is no provision in the testator's handwriting designating the beneficiary or beneficiaries of the remainder interests, the residuary clause is fatally defective. With this insistence we cannot agree. We hold that the language *"upon her death this trust terminates, and is to be disbursed according to instructions of the following persons—Jas. P. Allen, J. B. Allen, H. F. Allen, all being my nephews,"* constitutes a valid disposition of the remainder after termination of the trust.

In Guarantee and Trust Co. v. Jones, 103 Tenn. 245, 58 S. W. 219, it was held that under a will devising lands to the children of two of testator's sons, and providing that the two sons, respectively, shall "have the power to sell or convey, by deed or otherwise, or to dispose of the land in any way they see proper, for the benefit of their children; they, my (his) two sons, being the judges of what is the best for their children," the two sons take an absolute power of disposition, not incumbered with any sort of trust in favor of testator's grandchildren. Also see Hodges v. Stegall, 169 Tenn. 202, 83 S. W. (2d) 901, 100 A. L. R. 339; Williams v. Coldwell, 172 Tenn. 214, 111 S. W. (2d) 367, 114 A. L. R. 941 and Weiss v. Broadway National Bank, 204 Tenn. 563, 322 S. W. (2d) 427.

The case of Baldwin v. Davidson, 37 Tenn. App. 606, 267 S. W. (2d) 756, deals with language in a will that is very similar to that in question here. In an exhaustive

opinion by Judge Felts, the Court held; Where the will provided that the executor was to turn over testator's share in a partnership to her sister "to be distributed as she shall see fit", the sister had a general and unlimited power to dispose of the share as she saw fit and, therefore, she could acquire the share by exercising the power in favor of herself.

In Baldwin v. Davidson the language used was;

"B. W. Davidson, Sr. shall turn over to my Sister Mrs. O. P. Brakefield my share to be distributed as she shall see fit. B. W. Davidson, Sr. to act without bond." (Signed) J. D. Baldwin.

In construing this language the Court said;

"What does this bequest give her in respect to the 'share' to be turned over to her? Does it give her an interest in the property itself, or a mere naked power to dispose of it, or both? While there is no direct gift of any part of the property to her, all of it is to be turned over to her 'to be distributed *as she shall see fit.*'

"There are no words expressing any intent on the part of the testator to create a trust—no direct fiduciary expressions, no precatory words, nor any words indicating that Mrs. Brakefield is given a power to be used in trust. The property is not given to her in trust or as trustee. There is no language controlling her in distributing the fund, or requiring her to give any part of it to any other person, or denying to her the beneficial ownership of it.

\*   \*   \*   \*   \*   \*

"(1) So if it be said that the property is not in terms directly given to her, it must also be said

that, as she is given a general and unlimited power to dispose of it as she sees fit, she can acquire it by exercising the power in favor of herself; for the donee of such a power may exercise it 'for his own benefit' or for the benefit of others. Beasley v. Beasley, 33 Tenn. App. 195, 197, 230 S. W. (2d) 425, 426; 41 Am. Jur., Powers, sec. 2, p. 806.''

The opinion quotes with approval from Theobald on Wills as follows;

'' '1. A devise of lands to be at the discretion of A, or of personal property to be at the disposal of A, or to be disposed of as A thinks fit without any direct gift to A, gives A the absolute property. Whiskon and Clayton's Case, 1 Leon. 156 (1588; 74 Eng. Reprint, 144) ; Nowlan v. Walsh, 4 De G & S. 584, (1851; 64 Eng. Reprint, 967) ; In re Maxwell's Will, 24 B. 246, (1857; 53 Eng. Reprint, 352) ; Kellett v. Kellett, L. R. 3 H. L. 160, (1815; 3 Eng. Reprint, 1055).' ''

It results that assignment No. 3 is overruled.

Since complainant, Mrs. Allen, has dissented and, thereby, refused to accept the benefits of the trust set up solely in her behalf in the Will, said trust is, accordingly, terminated and she will receive the amount to which she is entitled under the statutes. 97 C. J. S. Wills sec. 1285c, p. 124.

When this has been accomplished the Executor and Trustee will distribute the assets of the residual estate according to instructions from those named in the Will, to wit, Jas. P. Allen, J. B. Allen and H. F. Allen, nephews of the testator.

The cause will be remanded to the trial Court for such proceedings as may be necessary and proper in conformity with this opinion.

Modified and remanded.

Humphreys and Chattin, JJ., concur.