ADELAIDE K. HESSON, Appellant,

*v.*

MRS. FRANK SCOTT, Commissioner, and Southern
Manufacturing Company, Appellees.

397 S.W.2d 176.

(*Nashville*, December Term, 1964.)

Opinion filed October 8, 1965.

On Petition to Rehear December 9, 1965.

CHARLES GALBREATH, Nashville, for appellant.

W. L. MOORE, Chief Counsel, Department of Employment Security, W. D. DODSON, Assistant Chief Counsel, Department of Employment Security, for Mrs. Frank Scott, Commissioner.

EUGENE RUSSELL, Nashville, for Southern Manufacturing Co.

MR. JUSTICE CRESON delivered the opinion of the Court.

This case originated on Petition for Certiorari in the Chancery Court of Davidson County, Tennessee, to review action of the Board of Review of the Tennessee Department of Employment Security. The proceedings involve claims before various statutory tribunals of the Department of Employment Security of Adelaide K. Hesson and 209 other employees of Southern Manufacturing Company, for unemployment compensation. Before the Board of Review of the Department, the claims

for unemployment compensation were originally allowed. On petition for re-hearing, the Board of Review took the matter under advisement, awaiting decision of the case of *Bridges v. Cavalier Corp.*, now reported in 212 Tenn. 237, 369 S.W.2d 548 (1963), which was then in process of decision. After that decision was announced, the Board of Review denied the claim. The Petition for Certiorari followed.

Upon hearing in the Chancery Court on certain motions on December 30, 1963, the Chancellor held the suit "inures alone to the benefit of the complainant Adelaide K. Hesson, and does not constitute an action on behalf of others." The Chancellor then later adjudged that Adelaide K. Hesson was entitled to unemployment compensation. Cross appeals were taken from the decree of the Chancellor. Adelaide K. Hesson, in this Court, claims unemployment compensation for the weeks of July 1 and July 8, 1961. There is no dispute but that during this period none of the claimants worked, because Southern Manufacturing Company's plant was in the period of its annual shut-down, for the purpose of employee vacations and the doing of annual maintenance and repair work by the Manufacturing Company. It is clear that both the time and purpose of this shut-down were in accord with a long and well-established practice, custom and usage of Southern Manufacturing Company.

There is also no dispute that Adelaide K. Hesson was not paid as much as she would have been entitled to under Employment Security Law for these two weeks, provided she was eligible for same. Both she and other claimants were governed by the policy of granting vacation pay and graduating it on a basis of longevity of employment.

 The record presents the question of whether or not an employee is entitled to unemployment compensation under T.C.A. sec. 50-1301 et seq., for a period when he did not work, due to a plant shut-down, all in conformity with long and well-established policy, practice, custom and usage; the purpose of the shut-down being to allow employees vacations and to allow necessary annual maintenance and repair work to be done to the plant by the employer.

The result in this case must necessarily flow from the terms and provisions of the Tennessee Employment Security Law and the construction of same by the Judicial Department of this State. T.C.A. sec. 50-1302 makes it plain that the State public policy there declared is that "involuntary unemployment" is the basis upon which unemployment compensation is to be allowed. Again, T.C.A. sec. 50-1323, which purports to define personal eligibility conditions, requires that an unemployed individual shall be eligible to receive benefits with respect to any week, only if the Commissioner finds, among other things, that the employee "is able to work, and is available for work."

It was against this statutory background that this Court had before it the case of *Bridges v. Cavalier Corp.*, supra. In that case, a Collective Bargaining Contract provided that the employees therein involved should receive, by the formula set out in the agreement, the one week's pay during a two-week vacation period. The employees sought unemployment compensation for the second week. The Board of Review there granted the compensation. On Petition for Certiorari, the Hamilton County Chancery Court reversed. In sustaining the action of the Chancellor, this Court said:

"The courts generally under the weight of authority, as is annotated in 30 A.L.R.2d, 366, and particularly at 374, hold that claimants of this kind are unavailable for other employment since a day certain was fixed for their return to work and they could return a day certain and they were, therefore, not available for other employment for more than one or two weeks and this would not be a sufficient length of time to place them in the labor market.''

The result reached by the Chancellor below and the theory advanced in the Briefs filed in this Court on behalf of Adelaide K. Hesson would have this Court distinguish, in principle, a situation where vacations with pay are agreed upon and taken by the employees through the medium of a Collective Bargaining Agreement and the situation here—where the employer, by long established policy, custom and usage, grants vacation with pay. In our judgment, this would constitute a distinction without a difference, in principle; and would likewise be in conflict with the declaration of policy contained in the Employment Security Law. It is to be noted that these employees availed themselves of the vacation on necessary annual shut-down of the plant and there is not even a suggestion in the record that they were not to return to work upon an appointed day. It should be pointed out that for this Court to indulge the distinction suggested between employees on paid vacation pursuant to a Collective Bargaining Agreement and those employees doing precisely the same thing under private policy, custom and usage, might raise grave doubts as to the constitutional validity of such a classification, under Article 11, Section 8 of the Constitution of Tennessee. However, this question is not made on the record

and is not decided. The Court feels that the reasoning of *Bridges v. Cavalier Corp.*, supra, is applicable and must be applied to the instant case. It results that the decree of the Chancery Court in Davidson County, granting compensation to Adelaide K. Hesson, is reversed at the costs of Adelaide K. Hesson. For obvious reasons, it is unnecessary to consider any other question raised in the Briefs.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.

On Petition to Rehear

MR. JUSTICE CRESON.

On October 18, 1965, the appellant herein, Adelaide K. Hesson, filed a Petition to Rehear, which concerns itself only with the matter of the assessment of the costs against appellant, under the Court's original Opinion and judgment entered pursuant thereto.

Thereafter, on October 26, 1965, some eighteen days after the opinion of this Court was filed and enrolled, the appellant filed what is designated as an Amended and Supplemental Petition to Rehear. This Petition is directed to the merits of the cause.

It should first be noted that Rule 32 of this Court, on the subject of rehearing, makes no provision for amended or supplemental petitions to rehear. Such Rule does make provision for second petition to rehear, but requires that before same may be filed by any of the Clerks of this Court, prior application shall have been made and special leave obtained from the Court, or a Judge thereof. Tennessee Code Annotated, Vol. 1, Page 830. This has not been complied with.

Nonetheless, we have examined, in full, the Petitions to Rehear, Briefs of counsel, and our original Opinion. With the latter, we are entirely satisfied.

■■ We feel it proper to state, again, as has been said many times in variant language, that the office of a Petition to Rehear is to call the attention of the Court to matters overlooked, not those things which counsel supposes were improperly decided after full consideration. Further, this Court has said, and says again, that a Petition for Rehearing should never be used for the purpose of rearguing the case on points already considered and determined, unless some new and decisive authority has been discovered, which was overlooked by this Court.

The abovementioned Rule, itself, explicitly provides that ''[a] rehearing will be refused where no new argument is made, no new authority adduced, and no material fact is pointed out as overlooked''. The authority which the Petition to Rehear cites is the same as has been relied upon by counsel throughout this proceeding, from its inception. It is the same authority which this Court discussed in its previous Opinion in *Birdges v. Cavalier Corp.* (1963), 212 Tenn. 237, 369 S.W.2d 548.

The Petitions to Rehear do not meet the foregoing tests; and the same are therefore denied.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.