ALICE M. COBB, Appellant,

*v.*

DR. DAVID EARL STEWART, Executor, et al., Appellees.

463 S.W.2d 693.

(*Jackson,* April Term, 1970.)

Opinion filed January 4, 1971.

Petition for Rehearing Denied February 24, 1971.

John W. Norris, Rosa Haywood, Brownsville, for appellant.

Lyle Reid, Alex Gray, C. Thomas Hooper, III, Brownsville, for appellees.

ADAMS, SPECIAL JUSTICE, did not participate.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

The original bill in this case was filed by Mrs. Alice M. Cobb seeking an adjudication by the Chancellor of her rights and interests in certain personal property of her deceased husband, Jesse T. Cobb, who died testate on January 15, 1968.

The defendants named in the bill are Dr. David E. Stewart, Jr., Executor of the will; B. W. Cobb, a brother of deceased; and certain legatees named in the will, David Stewart, Lynn Cobb, B. W. Cobb, Jr., and Elise Stewart.

Prior to the filing of the bill, the widow, complainant, dissented from the will. A year's support and the exempt property were set aside to her.

The bill was filed on May 9, 1969, and it was the insistence of appellant her deceased husband died intestate

as to a great part of his personal property; and that she was entitled to same under the provisions of T.C.A. Section 31-201. She, also, prayed her Attorneys be paid from the general estate for their services in her behalf.

Answers were filed by all defendants.

The Chancellor heard the matter on the bill, answers and a stipulation of facts.

He filed a memorandum opinion in which he held the testator died testate as to all his personal property and the widow was only entitled to one-third of all deceased's personalty. He allowed a fee for her Attorneys as a general charge against the estate.

Both complainant and the executor have appealed.

The stipulation of facts shows deceased left no child surviving him. He was survived by one brother, B. W. Cobb, as his sole and only heir at law.

The will was executed on May 30, 1953. At that time he owned only the real estate devised in the will. On the date of his death, he owned other real estate which was not devised by the will. He, therefore, died intestate as to this realty. However, the real property is not involved in this lawsuit.

On January 15, 1968, the date of his death, he and R. E. Stewart were partners in a business known and operated under the name of Cobb and Stewart Oil Company.

Deceased's interest in the partnership, other than the cash, credit card accounts and bank accounts, was sold by the executor. The excluded items were divided between R. E. Stewart, Jr., and the estate of deceased. The

sale and division of the excluded items netted the estate the sum of $65,790.88.

He, also, owned on the date of his death certain checking and savings accounts in different banks, stocks, a note and other personalty. The value of this personalty approximated $90,000.00.

Appellant has assigned as error the action of the Chancellor in decreeing deceased died testate as to all his personalty enumerated above and his widow was only entitled to one-third of his personalty since she dissented from the will as provided by T.C.A. Section 31-606.

A consideration of the determinative terms of the will is appropriate. Deceased's will, after specific bequests of personalty to his wife and realty to his wife and brother, B. W. Cobb, by Item VI thereof, which is the basis of this lawsuit, provides:

"I direct that all my interest in any business or partnership which I may own at the time of my death, and all of my personal property shall be sold, and all of my debts paid from the proceeds; I will and bequeath one-fourth of the amount remaining after the payment of my debts, to my wife, Alice Cobb; the remaining three-fourths shall be used by my executor hereinafter named in the purchase of real estate, the title to which real estate shall be taken in the name of my wife, Alice Cobb, for and during her natural life, with the remainder interest therein vested equally in the children of my brother, B. W. Cobb, namely B. W. Cobb, Jr., and Lynn Cobb, and the children of my sister, Edna Earl Stewart, namely, Elise Stewart and David Stewart."

Appellant argues deceased owned bank accounts and other personal property other than his partnership business. That he merely directed his partnership business and all his personal property be sold; that is, the sale of which was necessary to reduce it to cash; and, therefore, not necessary to be sold.

We think this case presents the application of two well settled rules of will construction. The first, when a controlling or predominant purpose of the testator is expressed, it is the duty of the court to effectuate that purpose, and to construe all subsidiary clauses so as to bring them into subordination to such purpose. *Moore v. Neely*, 212 Tenn. 496, 370 S.W.2d 537 (1963); *Williamson v. Brownlow*, 219 Tenn. 464, 410 S.W.2d 878 (1967).

The second is: "When a decedent dies testate, a strong presumption arises that he intended disposition of his entire estate; or, stated otherwise, he intended no partial intestacy." *Williamson v. Brownlow*, supra.

The surrounding circumstances in the light of which we must read the will, are the testator at the time of the execution of the will had a wife and no children. He had a brother and the nieces and nephews named in Item VI of the will.

It is obvious the predominant purpose of the will was to devote the greater portion of his estate for the care of his wife during her natural life, the remainder to go to his brother, named in Items III and IV, and his nieces and nephews named in Item VI of the will.

To carry out the predominant purpose of his will, the testator by Item I of the will directed his executor to pay his debts as soon as practicable. By Item II he be-

queathed to his wife all household furniture and his car. By Items III and IV he devised to his wife specific real estate for and during her life and the remainder to his brother. By Item V he devised to his brother specific real estate in fee simple. We have quoted Item VI, the last item of the will.

■ We agree with the Chancellor the phrase "all my personal property" includes cash on hand and in checking and savings accounts. The word "all" is inclusive and embraces all personal property unless excepted therefrom by descriptive words.

We are of the opinion when Item VI is read in the light of the entire will that it was the intention of deceased to reduce all of his personalty, other than that bequeathed to his wife by Item II, to a liquid state for the payment of his debts, one-fourth of the balance to go to his widow. The remaining three-fourths to be used by his executor to purchase real estate the title to which was to be taken in her name during her natural life and the remainder to his nieces and nephews.

T.C.A. Section 32-301 provides:

"A will shall be construed, in reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator * * *."

■ Thus, it is clear we must construe Item VI of the will as including all personal property owned by the testator on the date of the will, other than that bequeathed in Item II, as well as that thereafter acquired.

In the case of *Fry v. Shipley,* 94 Tenn. 252, 29 S.W. 6 (1895), the court quoted with approval the following rule which is germane to the question here:

"The rule in question is, whether a general residuary gift is to be limited and qualified to property which is the subject of sale, however the testator has added that his residuary property is to be sold for the benefit of his residuary legatee. It is uncertain at the making of the will what the testator's property may consist of at his death, and the direction to sell implies only a general intention on the part of the testator that his residuary property shall be converted or collected for the benefit of his residuary legatee."

We agree with the Chancellor the testator did not die intestate as to any of his personal property.

We pass now to the assignment of error of the executor to the effect the Chancellor erred in decreeing Attorney fees for the widow's Attorney should be paid out of the general funds of the estate.

The executor, in support of his insistence, cites and relies on *Gilpin v. Burrage,* 188 Tenn. 80, 216 S.W.2d 732 (1949), wherein it is said:

"Our cases seem to reflect it as a fact that the test by which the question is to be determined is whether the services rendered enure to the benefit of the entire estate as distinguished from services that enure to the benefit of one or more of the individuals interested in the estate or trust."

See, also, *Third National Bank v. Cohn,* 194 Tenn. 637, 254 S.W.2d 741 (1953) and *Marler v. Claunch,* 221 Tenn. 693, 430 S.W.2d 452 (1968).

On the other hand, the widow argues there arose a controversy between her and the executor and the suit was not filed until more than fifteen months after the probate of the will. That since the executor failed to file the suit to settle the controversy she had a right to file suit for an adjudication of the rights of the parties.

We disagree. The suit was filed to defeat the testamentary intent of the testator. Should she have been successful in her contention three-fourths of the personal property would have been excluded from the operation of the will and defeated the rights of the testator's intended beneficiaries.

Moreover, her contentions were designed to benefit her personal interest. She took the position that her husband died intestate as to his personal property, other than that which was necessary to be sold, involved in Item VI; and, therefore, she would inherit all of same by virtue of T.C.A. Section 31-201, which provides where any person dies intestate as to any of his or her personal estate, after payment of debts, his or her personalty shall go to the wife or husband altogether if there are no children or descendants of children.

For this insistence, she cites and relies on *Allen v. First American National Bank,* 52 Tenn.App. 544, 376 S.W.2d 713 (1963).

In the Allen case, the suit involved the right of a dissenting widow to maintain an action seeking the construction of her husband's will as to a certain item of the will in which he left certain personal property in trust, the income from which was to be paid to his widow during her natural life and upon her death the remainder to be disbursed by his three nephews. She insisted her

husband died intestate as to the remainder of the personalty which he sought to place in trust for disbursement by the item attacked; and that she was entitled to recover the same as intestate property, there being no children.

In the course of the opinion the court said a dissenting widow's rights under T.C.A. Section 31-606 is not exclusive of her right under T.C.A. Section 31-201, but her rights under these statutes are concurrent.

We are of the opinion this was merely dictum because the court construed the trust and held it to be valid. Thus, the widow gained nothing. Had the court construed it invalid, then T.C.A. Section 31-606 would have become meaningless.

Furthermore, the legislature by the enactment of Chapter 634, Section 1 of the Public Acts of 1968 (ADJ. S.) amended T.C.A. Section 31-606 by adding the following sentence: "The benefits herein provided shall be in lieu of all other provisions under statutes of descent and distribution."

We realize, as insisted by the widow, this amendment did not take effect until after the death of Mr. Cobb. However, it shows the legislative intent of T.C.A. Section 31-606 and overrules the dictum set out in the Allen opinion.

The record is silent as to the date of the dissent.

In any event, for the purposes of this case, we overrule that part of the opinion in which it is stated: a widow's right to dissent under T.C.A. Section 31-606 is not exclusive of her rights under T.C.A. Section 31-201 but her rights under the statutes are concurrent.

■ It results the decree of the Chancellor insofar as it decrees deceased did not die intestate as to any of his personalty is affirmed. The decree insofar as it ordered Attorney's fees for the services of the widow's Attorneys paid out of the general estate is reversed.

The case will be remanded to the Chancery Court of Haywood County for such action as may be necessary in conformity with this opinion. Complainant will pay the costs of the appeal. The costs below will abide the final disposition of the case below.

DYER, CHIEF JUSTICE, and CRESON and McCANLESS, JUSTICES, concur.

ADAMS, SPECIAL JUSTICE, not participating.

## ON PETITION TO REHEAR

MR. JUSTICE CHATTIN.

The petition to rehear filed by appellant presents no new argument, cites no new authority nor points out any material fact overlooked by this Court in its original opinion.

■ A petition to rehear is intended to call attention of the Court to matters overlooked, not things which Counsel supposes were improperly decided after full consideration. *Hesson v. Scott,* 217 Tenn. 250, 397 S.W.2d 176 (1965); Rule 32 of this Court.

The petition is denied at the cost of appellant.

DYER, CHIEF JUSTICE, and CRESON and McCANLESS, JUSTICES, concur.

ADAM, SPECIAL JUSTICE, not participating.