Rebecca **BEUCHERT**, Plaintiff-Appellee,

v.

**Moreen Rawles SIGMAN**, Individually and as Executrix of the Estate of Lexie Rawles Little, et al., Defendants-Appellants.

Court of Appeals of Tennessee, Western Section.

Feb. 17, 1983.

Application for Permission to Appeal Denied by Supreme Court May 31, 1983.

Ashley & Ashley of Dyersburg, for plaintiff-appellee.

James T. Allison of Memphis and Ralph I. Lawson and Joe Sigman, Dyersburg, for defendants-appellants.

NEARN, Presiding Judge, Western Section.

The appeal concerns the proper construction to be given the following provision in the will of Leslie Rawles Little, deceased:

ITEM 6. I direct my Executrix to sell my Gum Flat Farm, of approximately 106 acres more or less on the Obion River in Dyer County, at absolute discretion in public or private sale, and to divide the net proceeds equally among the four children of my late brother John Allen Rawles, Sr., whose names are John Allen Rawles, Jr., Leatha Rawles Morrow, Moreen Rawles Sigman, and Zuma Rawles Beuchert (deceased) with the share of Zuma divided Equally among her daughters Cathy, Penney, and Becky. The fair market value as a farm of the Old Rawles Farm in item 5 above shall be deducted from the share of Moreen R. Sigman of proceeds from the Gum Flat Farm sale provided herein in item 6.

The Gum Flat property was sold for $140,000.00 with a net to the executor of $136,507.85. The value of the "Old Rawles Farm," for purposes of Item 6, is now conceded to be $28,500.00.

The will also contains a residuary clause. The appellant, Mrs. John A. Rawles, Sr., is the sole residuary legatee.

This dispute is over the division of the proceeds of the sale of the Gum Flat Farm.

The Trial Judge held that

The language of the Last Will and Testament contains a clear expression of the intent of the testator that the four children of her late brother share equally in her two farms, with the children of the testator's deceased daughter, Zuma, sharing her one-fourth equally.

To effect the mathematics of an equal distribution the Trial Judge combined the value of the "Old Rawles Farm" ($28,-500.00) and the net proceeds from the sale of the "Gum Flat Farm" ($136,507.85) a total of $165,007.85 and divided that sum by four to reach the amount of $41,251.96 for each interest. Then from the share of Moreen Rawles Sigman (the named executrix as well as beneficiary) was deducted the sum of $28,500.00 representing the value of the "Old Rawles Farm," already received, which computations resulted in Moreen Rawles Sigman receiving $12,751.96 (exclusive of accumulated interest) from the sale of the "Gum Flat Farm." That sum plus the value received in the Old Rawles Farm equals $41,251.96.

The executrix, in her official as well as individual capacity, has appealed and insists that since that under Item 6 of the will $28,500.00 (the value of the Old Rawles Farm) is deducted from the interest to be received by Moreen Rawles Sigman under that item of the will, the $28,500.00 is not distributed under that section of the will and is so to speak, "left over," and that undistributed sum will pass under the residuary claim to Mrs. John A. Rawles, Sr. The same insistence is made on appeal by Mrs. John A. Rawles, Sr.

With some arithmetical corrections we affirm the action of the Trial Judge.

In order for the residuary legatee to benefit under the residuary clause there must be a residuary or remainder created under Item 6. There is none. The first sentence of Item 6 is a clear declaration by the deceased that the net proceeds are to be equally divided among the named interests. It does not direct the executor to equally divide a "part" of the net proceeds from the "Gum Flat Farm." Its clear meaning is to divide *all* of the net proceeds of the "Gum Flat Farm." Therefore, there can be nothing "left over" to pass to and under the residuary clause. If the executrix is uncertain as to the manner of an equal division the Court may ascertain same and direct the proper manner for distribution. If the parties disagree with that equitable distribution, the equity of it may be appealed. Under the will the executrix or the Trial Judge *must* equitably distribute *all* the pro-

ceeds of the Gum Flat Farm sale and cannot permit a "remainder." The second sentence of Item 6 simply provides that the $28,500.00 already given to Moreen Rawles Sigman be taken into consideration in making an equal distribution. It creates no remainder or residuary. The executrix must equally distribute *all* proceeds of Gum Flat under Item 6 aided by the provision of the second sentence.

The mathematical formula used by the Trial Judge is not technically correct and may have caused some confusion, but the result is the same.

■ Under Item 6, the value of the $28,500.00 is not added to the value of the Gum Flat Farm. Item 6 provides in the first sentence that *all* proceeds of the Gum Flat Farm only are to be divided in four parts. If this is done each assigned interest would be entitled to $34,126.96. The second sentence provides that from the share of Moreen Rawles Sigman there is to be deducted $28,500.00. When this is done the result is $5,626.96. Then, there still remains in the hands of the executrix $28,500.00 of the proceeds of the sale of the Gum Flat Farm. The injunction of the deceased contained in the first sentence is that all the proceeds be equally divided in four parts. Therefore, the sum of $7,125.00 or one-fourth of $28,500.00, is added to each of the four shares. The result is that John Allen Rawles, Jr., Leatha Rawles Morrow, and Zuma Rawles Beuchert's daughters will receive $41,251.96 and Moreen Rawles Sigman will receive $12,751.96, which are the same amounts decreed by the Chancellor. Even if the Trial Court and this Court is in mathematical error in making such equal distribution, such error will not result in a remainder for the residuary clause. All the net proceeds of the Gum Flat sale will simply be ordered distributed in a "more equal" fashion.

■ The cases cited in appellant's brief on this issue practically all deal with situations when the deceased's will specifically provided for disposition of a stated remainder such as *Cobb v. Stewart,* (1970) 225 Tenn. 85, 463 S.W.2d 693, and *Darden v. Hatcher,* (1860) 41 Tenn. 513. They have no application to this case. The testator provided that all the proceeds of the Gum Flat Farm were to be equally divided among named legatees in a specific manner. Again, there is no remainder created by the testator. The only "remainder" is one conceived and created in the minds of counsel for appellants. It does not now and never has actually existed. Both the Trial Judge and this Court simply have given effect to both sentences of Item 6. We are required to give every sentence of every clause effect whenever possible. See *Rinks v. Gordon,* (1930) 160 Tenn. 345, 24 S.W.2d 896.

We find that the Trial Judge has erred in his computations of the division of the interest earned on the proceeds of the Gum Flat Farm pending litigation. The accumulated interest follows the adjudicated monetary interests of the parties, e.g. Moreen Rawles Sigman is to receive interest on the sum of $12,751.96.

In all else, the Trial Judge is affirmed and the cause remanded for any necessary proceedings for a proper computation of the monetary value of the shares of the parties, including interest, not inconsistent with this opinion.

Costs of appeal are adjudged against the appellees.

Done at Jackson in the two hundred and seventh year of our Independence and in the one hundred and eighty-seventh year of our Statehood.

TOMLIN and HIGHERS, JJ., concur.